Willie Joe KING, Appellee,

v.

STATE of Tennessee, Appellant.

Court of Criminal Appeals of Tennessee, at Nashville.

June 20, 1986.

Permission to Appeal Denied by Supreme Court Sept. 8, 1986.

W.J. Michael Cody, Atty. Gen., Charles E. Bush, Asst. Atty. Gen., Nashville, Joseph D. Baugh, Dist. Atty. Gen., Franklin, for appellant.

Lee Ofman, Barrett & Ofman, Franklin, for appellee.

## OPINION

TATUM, Judge.

This is an appeal by the State from a judgment dismissing an indictment charging the appellee with malicious stabbing. In dismissing the indictment, the trial court held that it was returned in violation of Rule 8(a), T.R.Cr.P. We concur with the

trial judge and affirm the judgment of the trial court.

The appellee was originally indicted in January, 1982, and charged in a one-count indictment with assault with intent to commit murder in the first degree. The appellee was tried on October 7 and 8, 1982. The judge presiding over the trial instructed the jury that malicious stabbing was a lesser included offense to assault with intent to commit murder in the first degree. The jury returned a verdict, finding the appellee guilty of malicious stabbing.

On appeal, this court held that malicious stabbing is not a lesser included offense of assault with intent to commit murder in the first degree. Hence, the conviction was reversed and the charge dismissed. *State of Tennessee v. Willie Joe King*, Williamson County # 82–242–III, filed at Nashville October 21, 1983. After the case was dismissed by this court, the appellee was indicted for malicious stabbing at the January, 1984 term of court. The appellee filed a motion to dismiss, which was sustained on the ground that the second indictment was prohibited by Rule 8(a), T.R.Cr.P.

Rule 8(a) provides:

"Rule 8. Joinder of Offenses and Defendants.—(a) Mandatory Joinder of Offenses.—Two or more offenses shall be joined in the same indictment, presentment, or information, with each offense stated in a separate count, or consolidated pursuant to Rule 13 if the offenses are based upon the same conduct or arise from the same criminal episode and if such offenses are known to the appropriate prosecuting official at the time of the return of the indictment(s), presentment(s), or information(s) and if they are within the jurisdiction of a single court. A defendant shall not be subject to separate trials for multiple offenses falling within this subsection unless they are severed pursuant to Rule 14."

The State refers us to the committee comments on Rule 8(a) and argues that the rule addresses only volitional acts of the District Attorney and applies only when the District Attorney is not acting in good faith. The committee comments state:

"Committee Comments. Compulsory joinder of offenses against a single defendant is covered in section (a). This rule is designed to encourage the disposition in a single trial of multiple offenses arising from the same conduct and from the same criminal episode, and should therefore promote efficiency and economy. Where such joinder of offenses might give rise to an injustice, Rule 14(b)(2) allows the trial court to relax the rule.

The Commission wishes to make clear that section (a) is meant to stop the practice by some prosecuting attorneys of 'saving back' one or more charges arising from the same conduct or from the same criminal episode. Such other charges are barred from future prosecution if known to the appropriate prosecuting official at the time that the other prosecution is commenced, but deliberately not presented to a grand jury. 'Appropriate prosecuting official' shall be so construed as to achieve the purpose of this rule, which is the prevention of a deliberate and willful 'saving back' of known charges for future prosecution. The refusal of the grand jury to act upon such other charges would not be a violation of this joinder rule so as to bar future prosecution of such charges."

In construing this rule, we look to a basic rule for construing statutes. The rule is stated in *Mascari v. Raines*, 220 Tenn. 234, 415 S.W.2d 874 (1967) as follows:

"In arriving at the effect of the statute, the courts will look to the language of the statute, its subject matter, the object and reach of the statute, *the wrong or evil which it seeks to remedy or prevent, and the purpose sought to be accomplished in its enactment;* and if from all these it is manifest that it was not intended to imply a prohibition or to render the prohibited act void, the courts will so hold and will construe the statute accordingly ..." (Emphasis supplied)

As we interpret Rule 8, the "wrong or evil" which it seeks to prevent is stated in the last paragraph. Its purpose is to prevent a defendant from being subjected to separate trials for multiple offenses when the multiple offenses are based upon the same conduct or arise from the same criminal episode. A subsequent indictment is permitted after the defendant has been tried on the first charge when (1) the subsequent offense is not known to the District Attorney General at the time of the return of the indictment upon which the defendant was tried, or (2) if the second charge is not within the jurisdiction of the same court that tried the defendant. Of course, separate trials are permitted when there is a severance pursuant to Rule 14, T.R.Cr.P.

The State argues that the root of this problem was the unsolicited act of the trial judge in erroneously instructing the jury that malicious stabbing is a lesser included offense to assault with intent to commit first degree murder. The State correctly argues that the District Attorney General was not acting in bad faith in connection with the grand jury's failure to charge the appellee with malicious stabbing when the first indictment was returned. We do not think however that the good faith of the Attorney General affects the operation of Rule 8(a).

The State also argues that the District Attorney General was not aware that malicious stabbing is not a lesser included offense to assault with intent to commit first degree murder, and hence, the offenses were not known to the District Attorney General within the meaning of the rule. However, we do not think that the exception that permits subsequent indictments from the same conduct or criminal episode when such subsequent offenses were unknown to the District Attorney has reference to unawareness of a matter of law. This portion of the rule relates to a situation when the District Attorney does not know all of the facts; that is, it allows a subsequent indictment when the District Attorney is not aware of the fact that the

subsequent offense was committed at the time of the return of the first indictment. We do not have this situation in the case at bar. The stabbing itself was the basis for the felonious assault charge, so the District Attorney was aware of the facts upon which the malicious stabbing indictment was predicated.

We do not perceive that any evil results from subsequent indictments being returned against a defendant charging him with additional offenses which are based on the same conduct or which arise from the same criminal episode upon which prior indictments have been returned; when the defendant has not been tried on any of the offenses at the time the subsequent indictments are returned. As previously noted, the purpose of Rule 8 is to prevent multiple trials on charges arising from the same conduct or from the same criminal episode except under the circumstances stated in the rule.

We hasten to add that this record reveals that the District Attorney General did not attempt to take an unfair advantage by "saving back" the malicious stabbing charge. Had the grand jury originally charged the appellee for this offense, we have no doubt that the District Attorney would have tried him for this charge along with the felonious assault charge. However, we believe that the second indictment after trial is prevented by Rule 8.

The judgment of the trial court is affirmed.

DAUGHTREY and BYERS, JJ., concur.