IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
November 21, 2000 Session

**STATE OF TENNESSEE v. LEON HURD**

**Direct Appeal from the Criminal Court for Anderson County**
**Nos. 98CR0074 and 99CR0130      James B. Scott, Judge**

_____

**No. E1999-01341-CCA-R3-CD**
**April 10, 2001**
_____

JOSEPH M. TIPTON, J., concurring in part and dissenting in part.

I agree with most of the result and reasoning of the majority opinion. However, I respectfully disagree with its view of the state's holding back of the tampering with evidence charge. I believe that the prosecution on the tampering indictment should have been barred pursuant to Rule 8(a), Tenn. R. Crim. P., under the circumstances in this case.

The defendant was arrested in his bathroom, flushing cocaine down the toilet. It is apparent that the prosecuting officials knew about the tampering with evidence offense at the time of the first indictment and that it arose out of the same criminal episode as the possession offenses. The assistant district attorney explained the delay in prosecution by stating that until fourteen days before the case was to go to trial, she was unaware of the defense theory that the cocaine belonged to the state's key witness and that she did not know that the key witness had absconded. Essentially, she admitted that the state brought the second indictment in case the jury found that the missing witness, not the defendant, owned the cocaine. From my perspective, while this explains why the defendant was indicted a second time, it does not explain why the tampering of evidence charge was "saved" originally. The state knew from day one that the defendant was found in the bathroom flushing cocaine down the toilet, but it did not charge him with tampering with evidence. Then, when the state's case took a turn for the worse, the state attempted to resolve its "problem" by charging the defendant with another offense. I view this to be a violation of the mandates of Rule 8, Tenn. R. Crim. P., regardless of whether the new indictment was brought before or after a trial on the previous indictment.

In State v. King, 717 S.W.2d 306 (Tenn. Crim. App. 1986), this court was confronted with the state's attempt to prosecute the defendant by a second indictment for an offense subject to mandatory joinder with an offense that had been prosecuted in a prior trial. It held that the second indictment was barred by Rule 8(a), Tenn. R. Crim. P. In reaching this result, the court stated: "A

subsequent indictment is permitted after the defendant has been tried on the first charge when (1) the subsequent offense is not known to the District Attorney General at the time of the return of the indictment upon which the defendant was tried, or (2) if the second charge is not within the jurisdiction of the same court that tried the defendant." King, 717 S.W.2d at 308. In response to the state's argument that the prosecutor was not aware that the offense was a lesser included offense to the offense prosecuted in the first trial, this court stated that it did "not think that the exception that permits subsequent indictments from the same conduct or criminal episode when such subsequent offenses were unknown to the District Attorney has reference to unawareness as a matter of law." Id. It also concluded that neither good faith nor bad faith on the behalf of the prosecution affected the operation of Rule 8(a). Id.

Then the court, in dictum, stated the following:

> We do not perceive that any evil results from subsequent indictments being returned against a defendant charging him with additional offenses which are based on the same conduct or which arise from the same criminal episode upon which prior indictments have been returned; when the defendant has not been tried on any of the offenses at the time the subsequent indictments are returned. As previously noted, the purpose of Rule 8 is to prevent multiple trials on charges arising from the same conduct or from the same criminal episode except under the circumstances stated in the rule.

Id. I respectfully submit that the majority opinion misunderstands this dictum when it states that "[t]his court concluded that subsequent indictments charging additional offenses based upon the same criminal episode were permissible so long as the defendant had not been tried on any of the offenses at the time the subsequent indictments were returned." I also acknowledge that I joined in an opinion that was adopted by our supreme court that used this interpretation of King to affirm convictions receiving one trial for murders that were the subject of one indictment and especially aggravated kidnapping and especially aggravated robbery charges from a subsequent indictment. See State v. Carruthers, 35 S.W.3d 516, 572-73 (Tenn. 2000). However, I believe that we too misunderstood the King dictum in relation to the express wording of Rule 8(a).

Although the court in King failed to see "any evil results" from such circumstances, it did not hold that separate indictments were permitted under Rule 8(a). I believe that this court in King was only commenting upon its perception of the potential harm to the defendant, given the fact that Rule 8(a) expressly mandates the joining of the offenses in the same indictment. Neither prosecutors, trial courts, nor we may ignore this mandatory requirement. In fact, repeated violation of a rule by a party or a court may be viewed prejudicial to the judicial process even if no specific prejudice is shown in the case. See, e.g., State v. Gorman, 628 S.W.2d 739, 740 (Tenn. 1982).

It is also significant that the language of Rule 8(a) is not ambiguous. That is, even though the Advisory Commission Comment to the rule states, at one point, that the purpose of the rule is to prevent "deliberate and willful 'saving back' of known charges for future prosecution," such is

not a limitation on the express language of the rule.  Rather, I view the clear language in the rule to reflect an intent for a broad requirement so as to ensure that the stated purpose of the rule will be met.  In this context, the burden under the rule is not cast upon the defendant to show that the prosecutor acted willfully or deliberately – an exceedingly difficult burden at best.  Instead, for a second indictment to stand, the burden is cast upon the prosecution to prove either that it was previously unaware of the offenses or that the offenses are not within the jurisdiction of the court in which the first indictment was brought.  To hold otherwise is to ignore the express wording of the rule.

Regarding the question of prejudice for violating the rule, first I note that Special Judge William S. Russell, who chaired the commission that drafted Rule 8(a) and its explanatory comment, authored an opinion for this court addressing <u>King</u>'s comment regarding not seeing evil results flowing from subsequent pretrial indictments for related offenses.  After quoting the dictum of <u>King</u> regarding subsequent indictments, this court stated the following:

> This statement does not reflect the apparent judgment of the Supreme Court when it adopted the rule and of the General Assembly when it approved it.  Whether evil results flow from its breach or not, mandatory joinder of the known offenses is absolutely required and the sanction is the denial of the State of a trial upon a charge made in violation of the rule.

<u>State v. Luther E. Fowler</u>, No. 03C01-9207-CR-00249, Hamilton County, slip. op. at 14 (Tenn. Crim. App. July 27, 1993).  In the event prejudice is an issue, I believe it has been shown in this case.

I start by noting that given the timing of the events, the state's bringing of the second indictment and the trial court's rulings regarding it placed the defendant on the horns of a dilemma relative to which rights he could protect.  The record reflects that the trial on the charges of felonious possession of cocaine and possession of drug paraphernalia was set for April 20, 1999.  On April 6, 1999, an indictment was returned charging the defendant with tampering with the evidence, i.e., attempting to flush the cocaine found in his home down the toilet when the police executed a search warrant.  The defendant sought to dismiss this indictment because it violated the requirements of Rule 8(a).  Apparently the trial court refused.

However, the defendant had a right to fourteen days, excluding Sundays and legal holidays, after arrest and the return of the tampering indictment before being tried for the tampering offense.  Tenn. Code Ann. § 40-14-105.  Thus, the state could not force him to trial on that offense on April 20, 1999.  With dismissal of the indictment no longer an option, though, the options provided by the trial court were that the defendant could either go to trial on both charges or receive a separate trial for the tampering charge.  Thus, the defendant had to waive either his right to fourteen days or his right to mandatory joinder.  I consider this to be prejudicial.  Thus, I believe that the defendant is entitled to the dismissal of the tampering charge under Rule 8(a), Tenn. R. Crim. P.

_____
JOSEPH M. TIPTON, JUDGE