**STATE of Tennessee**

v.

**Terry A. DOMINY.**

Court of Criminal Appeals of Tennessee, at Knoxville.

May 9, 2001.

Hershell D. Koger, Pulaski, TN, for appellee, Terry A. Dominy.

Michael E. Moore, Solicitor General; Jennifer L. Smith, Assistant Attorney General; T. Michel Bottoms, District Attorney General; and James G. White, II, Assistant District Attorney General, for appellant, State of Tennessee.

## OPINION

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

The State of Tennessee appeals the Lawrence County Circuit Court's dismissal of the indictment that charged the defendant, Terry A. Dominy, with three counts of rape of a spouse. *See* Tenn. Code Ann. § 39–13–507(b) (1991). The trial court based the dismissal upon the state's failure to join the charges with aggravated rape charges contained in a previous indictment. *See* Tenn.R.Crim.P. 8(a). The defendant had been convicted on the previous aggravated rape charges, but ultimately our supreme court reversed these convictions and dismissed the charges, after which the state then brought the spousal rape charges. *See* *State v. Dominy*, 6 S.W.3d 472 (Tenn. 1999). On appeal, the state argues that

the mandatory joinder provisions of Rule 8 are inapplicable when the prosecutor was guilty of no willful or deliberate misconduct in not joining the charges in the earlier indictment. We agree with the trial court and affirm the dismissal of the spousal rape indictment.

In 1994, the defendant was accused of aggravated rape of his wife on December 11, 1993 and February 2 and 26, 1994 by using his dog to vaginally penetrate her. Beginning with the 1994 three-count indictment in case number 17530, the case against the defendant embarked upon a Byzantine journey through the Tennessee courts. Convicted of the three counts of aggravated rape on November 2, 1994, the defendant appealed to this court. *See State v. Terry Allen Dominy*, No. 01C01–9512–CC–00404, 1997 WL 284591 (Tenn. Crim.App., Nashville, May 30, 1997), *rev'd*, 6 S.W.3d 472 (Tenn.1999). This court held that, because the defendant was married to the victim, he was immune from prosecution for rape and aggravated rape. *Id.*, slip op. at 3. *See* Tenn.Code Ann. § 39–13–507(a) (1991). This court reasoned, however, that although rape of a spouse is not a lesser-included offense of aggravated rape, it is a lesser grade offense, based upon the exposition of "lesser grade offenses" set forth in *State v. Trusty*, 919 S.W.2d 305 (Tenn.1996). *Id.*, slip op. at 4. Finding sufficient evidence to support a finding of rape of a spouse, this court imposed three spousal rape convictions. *Id.*, slip op. at 4–5.

The supreme court granted a Rule 11 appeal, reversed the spousal rape convictions, and dismissed the charges. In so doing, it overruled *Trusty* to the extent that *Trusty* had recognized the concept of lesser grade offenses. *See Dominy*, 6 S.W.3d at 477. In *Dominy*, the court

agreed that rape of a spouse is not a lesser-included offense of aggravated rape, *id.* at 478, but because it abandoned the notion of lesser grade offenses, it determined that the original indictment against the defendant did not include the charge of rape of a spouse. *Id.* at 479. Thus, the supreme court not only reversed this court's imposition of spousal rape convictions, it dismissed the pending indictment, as well. *Id.*[1]

Subsequently, on November 16, 1999, the defendant was indicted in the trial court in case number 21600 for rape of a spouse, based upon the same three incidents that were the subject of the ill-fated indictment for aggravated rape in case number 17530. In response to the defendant's Rule 8 based motion to dismiss the three counts of spousal rape, the trial court heard arguments of counsel and received into evidence the indictment and judgment in case number 17530, which showed that the alleged offenses occurred on December 11, 1993 and February 2 and 26, 1994.

The trial court found that (1) the spousal rape charges "arose from the same conduct ... as the [former] aggravated rape charges," (2) it had jurisdiction over both cases, (3) the prosecutor was aware that the defendant was married to the victim when he procured the original indictment for aggravated rape, and (4) the prosecutor "did not intend to 'save back' charges" when the first case was tried. Relying upon this court's opinion in *King v. State*, 717 S.W.2d 306 (Tenn.Crim.App.1986), the trial court determined that the prosecutor's "good faith did not preclude operation of the mandatory joinder rule." Based upon these findings, the trial court concluded that the mandatory joinder provi-

---

1. Curiously, the court then "remand[ed] this case to the trial court for further proceedings    consistent with this decision." *Dominy*, 6 S.W.3d at 479.

sions of Rule 8(a) precluded prosecution of the new charges for rape of a spouse, and it dismissed the three-count indictment.

From that ruling, the state appeals and argues that, based upon *Trusty*, the indictment in case number 17530 retrospectively embraced the lesser grade offense of spousal rape. It posits that the comments to Rule 8(a) establish that the rule's mandatory joinder of offenses is only applicable when a prosecutor deliberately and willfully "sav[es] back ... known charges for future prosecution." *See* Tenn. R.Crim.P. 8(a), Advisory Comm'n Comments. In its brief, the state concedes that "a plain reading of *King* supports the trial court's decision in this case," but it argues that the "strict liability" approach of *King* ignores the purpose of the rule as amplified in the Advisory Commission's comments and is capable of producing unjust results. It maintains that in case number 17530 the defendant "was on notice that he faced charges for spousal rape, so a re-trial can result in no prejudice to him." Now that it knows that spousal rape was not charged in the initial indictment, the state urges, there is no impediment to retrial on that offense.

On appeal, the defendant relies upon the language of Rule 8(a) and this court's opinion in *King*. Additionally, he argues that the state has not proceeded in good faith, in light of its initial decision to ignore applicable statutory law and "over-charge" the defendant with aggravated rape in case number 17530. He points out that the prosecutor was aware at the time the charges were initially brought in 1994 that the defendant and the victim were husband and wife.

Tennessee Rule of Criminal Procedure 8(a) provides:

> Two or more offenses shall be joined in the same indictment, presentment or information, with each offense stated in a separate count, or consolidated pursuant to Rule 13 if the offenses are based upon the same conduct or arise from the same criminal episode and if such offenses are known to the appropriate prosecuting official at the time of the return of the indictment(s), presentment(s), or information(s) and if they are within the jurisdiction of a single court. A defendant shall not be subject to separate trials for multiple offenses falling within this subsection unless they are severed pursuant to Rule 14.

Tenn.R.Crim.P. 8(a). The Advisory Commission has commented about Rule 8(a):

> The Commission wishes to make clear that section (a) is meant to stop the practice by some prosecuting attorneys of "saving back" one or more charges arising from the same conduct or from the same criminal episode. Such other charges are barred from future prosecution if known to the appropriate prosecuting official at the time that the other prosecution is commenced, but deliberately not presented to a grand jury. "Appropriate prosecuting official" shall be so construed to as to achieve the purpose of this rule, which is the prevention of a deliberate and willful "saving back" of known charges for future prosecution.

Tenn.R.Crim.P. 8(a), Advisory Comm'n Comments.

In *King*, the defendant had been originally charged with assault with intent to commit first degree murder, and the trial court instructed the jury that malicious stabbing was a lesser included offense. *King*, 717 S.W.2d at 307. The jury acquitted King of the greater offense but convicted him of malicious stabbing. *Id.* On appeal, this court held that the conviction offense was not a lesser-included offense of the charged offense and, therefore, was not encompassed within the indictment.

*Id.* When King was later indicted for malicious stabbing for the same incident, he moved to dismiss the charge pursuant to Rule 8(a). The trial court granted the dismissal, and this court affirmed. In *King*, as well as in the present case, the state argued that the Advisory Commission's comments indicate that Rule 8(a) "addresses only volitional acts of the District Attorney and applies only when the District Attorney is not acting in good faith." *Id.* at 307.

Rather than accepting the Advisory Commission's reference to prohibiting "saving back" as the purpose of the mandatory joinder rule, the *King* court found the purpose to be expressed in the rule itself—that is, "to prevent a defendant from being subjected to separate trials for multiple offenses when the multiple offenses are based upon the same conduct or arise from the same criminal episode." *Id.* at 308. The court determined that, in such situations, multiple trials are permitted only when (1) the "subsequent offense is not known" to the prosecutor at the time of the return of the first indictment, (2) the second charge is not within the jurisdiction of the same court as the first charge, or (3) a Rule 14 motion to sever has been granted. *Id.* Thus, "the good faith of the Attorney General [does not] affect[ ] the operation of Rule 8(a)." *Id.*

In so holding, the *King* court stated that the prosecutor's "unawareness" of the matter of law that the later-charged offense is not a lesser-included offense of the originally-charged, greater offense does not save the second prosecution. *Id.* Whether the offense is unknown to the prosecutor is a question of his or her knowledge of "all of the *facts.*" *Id.* (emphasis added). In *King*, the prosecutor initially knew the that the assault was a stabbing; hence, he had knowledge of the *facts.* *Id.* After so finding, the court approved the dismissal

of the second charge, even though it found that the prosecutor had not attempted "to take unfair advantage by 'saving back'" that charge. *Id.*

We hold that *King* controls the present case and that, accordingly, the trial court did not err in dismissing the spousal rape indictment in case number 21600.

In the present case, the prosecutor knew the salient facts in 1994 when the indictment in case number 17530 was returned, for he knew then that the defendant was married to the victim at the time of the alleged offenses. This knowledge could have prompted spousal rape charges in 1994.

Furthermore, based on *King*, the prosecutor's "unawareness" that rape of a spouse is not a lesser-included offense of aggravated rape is unavailing. In this vein, the state is not aided by touting the erstwhile effect of *Trusty.* To be sure, under *Trusty*, the aggravated rape indictment would have included spousal rape as a "lesser grade offense," *see Dominy*, 6 S.W.3d at 473, but with the supreme court's immolation of the "lesser grade offense" mechanism, the law of lesser-included offenses substantially reverted to a question of statutory elements analysis, which had previously been applied via *Howard v. State*, 578 S.W.2d 83, 85 (Tenn. 1979). *See State v. Burns*, 6 S.W.3d 453, 467 (Tenn.1999) (adopting, in part, a statutory elements analysis in determining lesser-included offenses and stating that the analysis is "consistent with *Howard*"); *Dominy*, 6 S.W.3d at 476–77. *Trusty* was decided on March 25, 1996, long after the 1994 indictment in case number 17530 was returned. In 1994, *Howard* served as a basis from which the prosecutor should have known that rape of a spouse was not a lesser-included offense of aggravated rape.

In 1994, the state chose to prosecute the defendant on aggravated rape charges exclusively. It easily could have opted at that time to charge the defendant with rape of a spouse, either as an alternative to, or in conjunction with, the aggravated rape charges. Even though the prosecutor did not intend to "save back" the spousal rape charges, Rule 8(a), via *King*, monolithically poses a bar to initiating a second prosecution for rape of a spouse after the completed trial of the defendant on the first charge. *See State v. Gilliam*, 901 S.W.2d 385, 391 (Tenn.Crim.App.1995) (where initial prosecution for first degree felony murder was "tenuous at best," subsequent attempt to prosecute for second degree murder, which was then held to be not a lesser-included offense of felony murder, was barred by rule 8(a)).

For these reasons, we affirm the judgment of the trial court.