IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 19, 2005

**STATE OF TENNESSEE v. CHESTER FLOYD COLE**

**Appeal from the Circuit Court for Madison County**
**No. 03-130      Roy B. Morgan, Jr., Judge**

_____

**No. W2004-01200-CCA-R3-CD  - Filed June 30, 2005**

_____

A Madison County Circuit Court jury convicted the defendant, Chester Floyd Cole, of incest, a Class C felony, and assault, a Class B misdemeanor, and the trial court sentenced him as a Range I, standard offender to five years for the incest and six months for the assault[1] to be served concurrently in the Department of Correction.  The defendant appeals, claiming the trial court erred in failing to dismiss the incest count pursuant to Rule 8, Tenn. R. Crim. P., and State v. Dominy, 67 S.W.3d 822 (Tenn. Crim. App. 2001), and that his sentence is excessive.  We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ALAN E. GLENN, J., joined.

Jerry Mike Mosier, Jackson, Tennessee, for the appellant, Chester Floyd Cole.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Jody S. Pickens, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case relates to the defendant's conduct with his step-daughter. The record reflects that a Madison County Grand Jury originally returned an indictment on September 5, 2000, charging the defendant with five counts of rape and two counts of rape of a child.  Each offense occurred on a different date and was based on separate facts.  The parties agreed to sever one count of rape of a child from the other six counts of the indictment and to proceed to trial on that count. The defendant was convicted of rape of a child and the trial court sentenced him to twenty-five years.  On appeal, this court affirmed the defendant's conviction but reduced his sentence to twenty-two years.  See

---

[1]Although the defendant's notice of appeal related to both the incest and assault convictions, his issues deal only with the incest conviction.

State v. Chester Floyd Cole, W2001-02871-CCA-R3-CD, Madison County (Tenn. Crim. App. Dec. 13, 2001).  On April 1, 2002, a Madison County Grand Jury returned a superseding indictment, charging the defendant with the five untried counts of rape, the one untried count of rape of a child, and six corresponding counts of incest.  The parties agreed to sever one count of rape and one count of incest and proceed to trial only on those counts.  The state thereafter moved for a continuance, which the trial court denied, prompting the state to submit a nolle prosequi order of dismissal, which the trial court granted.  On March 3, 2003, a Madison County Grand Jury again returned an indictment against the defendant, charging him with four of the five original counts of rape and four corresponding counts of incest.  After the trial court denied the defendant's motion to dismiss the incest counts, the parties agreed to sever one count of rape and a corresponding count of incest and proceed to trial.  At the trial, the jury found the defendant not guilty of rape but guilty of the lesser included offense of Class B misdemeanor assault and of incest.

## I.  MANDATORY JOINDER

The defendant contends that the trial court erred in failing to dismiss the count of incest pursuant to Rule 8, Tenn. R. Crim. P., and Dominy based upon the state's failure to charge incest in the original indictment.  The state contends that the trial court's denial of the defendant's motion to dismiss was proper because the incest count for which the defendant was convicted was based upon a different set of facts than the rape of a child count for which the defendant was previously convicted.  We agree with the state.

Rule 8(a), Tenn. R. Crim. P., provides,

> (a) Mandatory Joinder of Offenses. Two or more offenses shall be joined in the same indictment, presentment, or information, with each offense stated in a separate count, or consolidated pursuant to Rule 13 if the offenses are based upon the same conduct or arise from the same criminal episode and if such offenses are known to the appropriate prosecuting official at the time of the return of the indictment(s), presentment(s), or information(s) and if they are within the jurisdiction of a single court. A defendant shall not be subject to separate trials for multiple offenses falling within this subsection unless they are severed pursuant to Rule 14.

The advisory commission comments to the rule state,

> The Commission wishes to make clear that section (a) is meant to stop the practice by some prosecuting attorneys of "saving back" one or more charges arising from the same conduct or from the same criminal episode.  Such other charges are barred from future prosecution if known to the appropriate prosecuting official at the

time that the other prosecution is commenced, but deliberately not presented to a grand jury.

In Dominy, the defendant was originally tried and convicted of aggravated rape of his wife, but his conviction was reversed by our supreme court on appeal. See State v. Dominy, 6 S.W.3d 472 (Tenn. 1997). The state then indicted the defendant based upon the same "criminal episode" for spousal rape. This court concluded that the subsequent indictment was barred by Rule 8, stating,

> In 1994, the state chose to prosecute the defendant on aggravated rape charges exclusively. It easily could have opted at that time to charge the defendant with rape of a spouse, either as an alternative to, or in conjunction with, the aggravated rape charges. Even though the prosecutor did not intend to "save back" the spousal rape charges, Rule 8(a), via King[ v. State, 717 S.W.2d 306 (Tenn. Crim. App. 1986)], monolithically poses a bar to initiating a second prosecution for rape of a spouse after the completed trial of the defendant on the first charge. See State v. Gilliam, 901 S.W.2d 385, 391 (Tenn. Crim. App. 1995) (where initial prosecution for first degree felony murder was "tenuous at best," subsequent attempt to prosecute for second degree murder, which was then held to be not a lesser-included offense of felony murder, was barred by rule 8(a)).

Dominy, 67 S.W.3d at 826. The defendant's reliance on Dominy is misplaced. In Dominy, the state's subsequent indictment of the defendant was based upon the same "criminal episode" as the first indictment. However, in this case, the superseding indictment was based upon an entirely different event, occurring on a different date, and alleging a different set of facts.

In an opinion affirmed by the supreme court and partially appended to its opinion, this court stated:

> The rule clearly permits a subsequently returned indictment to be joined with a previous indictment where the alleged offenses relate to the same criminal episode. See King v. State, 717 S.W.2d 306 (Tenn. Crim. App. 1986). This practice, however, does have certain limitations which, as the comments note, safeguard an accused against prosecutorial abuse. For example, a prosecutor cannot simply decide to "save" charges on other offenses arising out of the same conduct until after a trial is had on the original charges. Obviously, this would result in multiple trials and prejudice the defendant.

State v. Carruthers, 35 S.W.3d 516, 573 (Tenn. 2000) (Appendix); accord State v. Fisher, 88 S.W.3d 617 (Tenn. Crim. App. 2001). While the state in this case did not indict the defendant on the incest charge until after the conclusion of his first trial, we see no violation of Rule 8(a) because the

defendant was not convicted of incest arising out of the same "conduct" or "criminal episode" as the rape of a child conviction.  Rather, the superseding indictment added a count of incest which arose out of the same "criminal episode" as the original rape count.  We conclude that Carruthers is controlling and that the state did not violate Rule 8(a) with its superseding indictment.  The defendant is not entitled to relief on this issue.

## II. EXCESSIVE SENTENCE

The defendant contends that the trial court violated the rule announced in Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531 (2004), by applying enhancement factors neither found by the jury nor admitted by the defendant to enhance his sentence from the minimum three years to five years.  The state contends the defendant has waived this issue for failing to raise it in the trial court.  In the alternative, the state contends that any error is harmless beyond a reasonable doubt.

In Blakely, the United States Supreme Court held that other than prior convictions, any facts not reflected in the jury's verdict and used to increase a defendant's punishment above the presumptive sentence must be admitted by the defendant or found by the jury beyond a reasonable doubt.  542 U.S. at __, 124 S. Ct. at 2537.  However, the Tennessee Supreme Court recently held that failure to object on Sixth Amendment grounds in the trial court waives the issue on appeal and that, in any event, Tennessee's sentencing procedures do not violate the Sixth Amendment right to trial by jury as interpreted by the Supreme Court in Blakely and United States v. Booker, __ U.S. __, 125 S. Ct. 738 (2005).  See State v. Edwin Gomez and Jonathan S. Londono, No. M2002-01209-SC-R11-CD, Davidson County, __ S.W.3d __, __ (Tenn. April 15, 2005).  Accordingly, the defendant's reliance upon Blakely is misplaced, and he is not entitled to relief on this issue.

Based upon the foregoing and the record as a whole, we affirm the judgments of the trial court.

_____
JOSEPH M. TIPTON, JUDGE