# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### March 24, 2015 Session

## STATE OF TENNESSEE v. TWANNA BLAIR

**Appeal from the Criminal Court for Bradley County**
**No. 14CR158A      Jon Kerry Blackwood[1], Judge**

**No. E2014-01377-CCA-R3-CD** - **Filed July 9, 2015**

In this appeal, the State challenges the trial court's dismissal of two counts of conspiracy to commit first degree premeditated murder, a Class A felony. Through a series of indictments, the State charged the defendant, Twanna Blair, with one count of conspiracy to commit first degree premeditated murder, three counts of felony murder, and one count of especially aggravated robbery, a Class A felony. The trial court consolidated the indictments and required the State to elect which offenses it wished to prosecute. The State chose not to prosecute the defendant on the charge of conspiracy to commit first degree premeditated murder and proceeded to trial on Count 2 of the indictment, especially aggravated robbery, and Counts 3, 4, and 5 of the indictment, felony murder. At the conclusion of the trial, the jury was deadlocked. The trial court granted the defendant's motion for acquittal as to Count 2. The trial court also granted the motion of acquittal for felony murder and the lesser included offense of second degree murder in Counts 3, 4, and 5. The trial court declared a mistrial in Counts 3, 4, and 5 for the remaining lesser included offense of facilitation of felony murder. After the mistrial, the State re-indicted the defendant for a host of offenses, including two counts of conspiracy to commit first degree premeditated murder. The defendant filed a motion to dismiss the indictment, which the trial court granted. The State now appeals, challenging only the dismissal of the two counts of conspiracy to commit first degree premeditated murder. The State argues that: (1) the indictments are not barred by the statute of limitations; (2) the Double Jeopardy Clause does not prohibit the re-indictment of the defendant; and (3) Tennessee Rule of Criminal Procedure 8 does not prevent an indictment for additional charges after the declaration of a mistrial. After thoroughly

---

[1] The Hon. Amy Reedy presided over the defendant's original trial. The State later filed a motion for the judge to recuse herself, which was granted. The Hon. Jon Kerry Blackwood was then appointed to preside over the defendant's case.

reviewing the record, the briefs of the parties, and the applicable law, we conclude that the indictments are not prohibited by the statute of limitations or the Double Jeopardy Clause but that the indictments constitute the "saving back" of charges that Rule 8 is intended to prevent. Accordingly, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ROBERT L. HOLLOWAY, JR., JJ., joined.

Herbert H. Slatery III, Attorney General and Reporter; John H. Bledsoe, Senior Counsel; Steven D. Culp, District Attorney General; and Richard Fisher, District Attorney General Pro Tempore, for the appellant, State of Tennessee.

Charles Leland Davis, Chattanooga, Tennessee, for the appellee, Twanna Blair.

**OPINION**

**FACTS AND PROCEDURAL HISTORY**

This case arose from a February 14, 1999 shooting at the residence of O.J. Blair and the defendant. The shooting left Mr. Blair and two other victims, Dawn Rogers and Cayci Higgins, dead and the defendant with a gunshot wound to her back. This incident set in motion what the trial court aptly described as a "tortuous procedural history." Several years elapsed before the State brought the first of what would be many indictments against the defendant and her co-defendants.

On January 17, 2007, the grand jury charged the defendant in indictment No. M-07-003 with three counts of conspiracy to commit first degree murder and one count of aggravated perjury. On May 21, 2008, the State agreed to nolle prosequi the three counts of conspiracy to commit first degree murder. On March 26, 2008, the State indicted the defendant in indictment No. M-08-125. Indictment No. M-08-125[2] charged the defendant with conspiracy to commit first degree murder and conspiracy to commit aggravated robbery. The trial court later granted the defendant's motion to dismiss the conspiracy to commit aggravated robbery charge in No. M-08-125 on the grounds that the statute of limitations had

---

[2] The defendant's co-defendants were also charged in the same superseding indictment with the conspiracy counts, in addition to other counts for which the defendant was not indicted.

expired. After the nolle prosequi and dismissal, one count of aggravated perjury remained from indictment No. M-07-003, and one count of conspiracy to commit first degree murder remained from indictment No. M-08-125.

On October 8, 2008, the grand jury returned a third indictment, indictment No. M-08-455, charging the defendant and her co-defendants with conspiracy to commit especially aggravated robbery, especially aggravated robbery, and three counts of felony murder. For the felony murder charges, the indictment alleged that especially aggravated robbery was the underlying felony. The State filed notice of its intent to seek the death penalty for the defendant. The trial court consolidated the counts in indictment No. M-08-125 and No. M-08-455 for one trial. After the consolidation, the defendant was awaiting trial on one count of conspiracy to commit first degree murder from indictment No. M-08-125 and the five counts from indictment No. M-08-455. The aggravated perjury charge from indictment No. M-07-003 was not included in the consolidated indictment.

The defendant's case, which had been severed from those of her co-defendants, was scheduled for trial in September of 2009. Prior to trial, the defendant moved to dismiss the conspiracy to commit especially aggravated robbery charge. Although there is not an order of dismissal in the record, the charge was dismissed prior to trial. On the Friday before the trial, the trial court asked the State on which charges it wished to proceed to trial. The State responded that it would inform the court of its decision on the day of the trial. The record does not contain an order reflecting the State's selection of the indictments that it wished to prosecute. However, the transcript of the trial reflects that the State proceeded to trial only on the counts from indictment No. M-08-455 charging the defendant with especially aggravated robbery and three counts of felony murder. The State did not proceed to trial on the count of conspiracy to commit first degree murder from indictment No. M-08-125.

At the conclusion of the State's proof, the defendant moved for a judgment of acquittal. The trial court denied this motion. The defendant renewed the motion at the conclusion of the defense's proof, and the trial court reserved a ruling on the motion. After deliberating, the jury was deadlocked on the four indicted offenses. The trial court revisited the defendant's motion for judgment of acquittal and granted the motion in regards to the especially aggravated robbery charge. The trial court next granted the motion with respect to the three felony murder charges and further granted the motion as to the lesser included offenses of second degree murder. The trial court declined to grant a motion of acquittal for the lesser included offenses of facilitation of felony murder, and the court declared a mistrial due to jury deadlock for those charges.

The defendant filed a motion to reconsider the judgment of acquittal for the charges of facilitation of felony murder on the grounds that her acquittal of especially aggravated

3

robbery precluded a retrial on the charges of facilitation of felony murder. The State also filed a motion to reconsider the judgment granting acquittals on the charges of felony murder, second degree murder, and especially aggravated robbery. The trial court denied both motions but granted the defendant permission to file an interlocutory appeal, which this court granted.

While the defendant's interlocutory appeal was pending, the State filed a motion to recuse the trial judge. The motion was granted, and the Honorable Judge Blackwood was later appointed as the presiding judge for the case.

Prior to oral arguments for the interlocutory appeal, the State moved to nolle prosequi all charges in indictment No. M-08-455, and this court remanded the case for the entry of an order dismissing the charges. On remand, the State filed the motion to nolle prosequi the defendant's charges in indictment No. M-08-455. The motion alleged that the chief investigator in the case had been terminated and that instances were discovered that called into question the investigator's credibility. The motion further alleged that there was improper contact between the investigator and the former presiding judge. The State contended that due to this improper contact, due process mandated the dismissal of the indictment. The State requested that the indictments be dismissed without prejudice in the event that new evidence developed that would warrant further prosecution. The trial court granted both motions to dismiss the indictments without prejudice. After the motion was granted, the defendant filed a motion to voluntarily dismiss her interlocutory appeal, which this court granted.

On March 19, 2014, the defendant and Michael Younger[3] were indicted for a fourth time, in indictment No. 14-CR-158. The defendant was charged with:

| | |
|---|---|
| Count One: | Conspiracy to Commit First Degree Murder of O.J. Blair |
| Count Two: | Conspiracy to Commit First Degree Murder of O.J. Blair |
| Count Three: | Conspiracy to Commit Especially Aggravated Robbery of O.J. Blair |
| Count Seven: | Facilitation of Especially Aggravated Robbery of O.J. Blair |
| Count Eight: | Facilitation of First Degree Murder of O.J. Blair[4] |
| Count Eleven: | Facilitation of First Degree Murder of Dawn Rogers |

---

[3] Mr. Younger was re-indicted because his first trial ended in a mistrial as a result of prosecutorial misconduct.

[4] The indictment identified the underlying felony for Counts 8, 11, and 12 as first degree murder.

Count Twelve:        Facilitation of First-Degree Murder of Cayci Higgins

The defendant filed a motion to dismiss indictment No. 14-CR-158 on double jeopardy grounds. After a hearing on the motion to dismiss, the trial court issued a written order dismissing all charges against the defendant in the indictment. In its order, the trial court noted that the defendant had already been acquitted of especially aggravated robbery. The court found that the charges of conspiracy to commit especially aggravated robbery and facilitation of especially aggravated robbery were barred by the statute of limitations and dismissed Counts 3 and 7.

In regards to Counts 1 and 2, the court found that the charges were subject to mandatory joinder pursuant to Tennessee Rule of Criminal Procedure Rule 8. The court found that the charges in the March 2014 indictment satisfied the criteria for mandatory joinder, as the conduct resulting in the indictment "certainly a[rose] out of a same criminal episode and conduct as the prior indictments, i.e., the murders of the three victims," the offenses were within the jurisdiction of a single court, and "the criminal episode was certainly known to the prosecuting attorney at the time the initial indictment in this case was rendered." The court noted that the State "had ample opportunity to prosecute Ms. Blair at her previous trial on conduct that is the basis for Counts 1 and 2" but did not do so. The court opined that "this is the exact type of 'saving back' that [Tennessee Rule of Criminal Procedure 8] is designed to prevent." As a result, the court dismissed the charges of conspiracy to commit first degree premeditated murder.

Relying upon the same reasoning, the trial court dismissed Counts 8, 11, and 12. The court found that while the defendant received a mistrial for facilitation of felony murder in which the underlying felony was especially aggravated robbery, indictment No. 14-CR-158 charged the defendant with facilitation of first degree premeditated murder, which was a separate offense. Because the theory of premeditated first degree murder as the underlying felony was known to the State prior to indictment No. 14-CR-158, the court found that the offenses should have been joined pursuant to Rule 8.

The State filed a timely notice of appeal, and we proceed to consider the State's arguments.

**ANALYSIS**

On appeal, the State contests only the dismissal of the conspiracy to commit first degree premeditated murder in Counts 1 and 2. The State does not contest the dismissal of Counts 3 and 7. Further, while "the State disagrees that mandatory joinder bars prosecution on new charges following a mistrial," it does not appeal the dismissal of Counts 8, 11, and

5

12. The State agrees that these counts "allege facilitation of first degree premeditated murder, and they are barred by the applicable statute of limitations." The State provides several arguments in support of the assertion that the trial court erred in dismissing Counts 1 and 2.[5] First, the State argues that the charges in Counts 1 and 2 are not barred by the statute of limitations. Second, the State argues that jeopardy never attached to the offenses in Counts 1 and 2 and alternatively that if jeopardy did attach, it is still ongoing from the prior trial. Third, the State argues that Tennessee Rule of Criminal Procedure 8 does not prevent the State from indicting the defendant on additional charges stemming from the same criminal episode after a mistrial.

## I. Right to Appeal

As an initial matter, we must address the defendant's contention that the State does not have an appeal of right from the dismissal of indictment No. 14-CR-158. The defendant contends that the appeal is barred by the protections of double jeopardy.

Tennessee Rule of Appellate Procedure 3(c) explains when an appeal as of right is available to the State in a criminal action. The rule provides in pertinent part that "an appeal as of right by the state lies only from an order or judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) the substantive effect of which results in dismissing an indictment, information, or complaint." Tenn. R. App. P. 3(c). As a result of the trial court's ruling, indictment No. 14-CR-158 was dismissed. The dismissal of an indictment is one of the results contemplated by the rule that gives rise to an appeal as of right. Accordingly, we conclude that this case is properly before the court.

## II. Statute of Limitations

Although not directly raised by the defendant in her motion to dismiss or addressed by the trial court in its order of dismissal, the State argues that Counts 1 and 2 are not barred by the statute of limitations. The State contends on appeal that the indictments were timely because the prosecution commenced within the applicable statute of limitations period.

Conspiracy to commit first degree premeditated murder is a Class A felony. Prosecution of a Class A felony must commence within fifteen years of the crime. T.C.A. § 40-2-101(b)(1) (2010). The statute of limitations is applicable "to the period elapsing between the commission of the offense and the date that prosecution begins." *State v. Ferrante*, 269 S.W.3d 908, 911. There are various methods for commencing a prosecution,

---

[5] For the sake of clarity in the opinion, we have reorganized the order of the issues that the State raises in its brief.

including the finding of an indictment. T.C.A. § 40-2-104. "Commencement of the prosecution tolls the running of the limitations period because such commencement initially notifies the defendant of the charge or charges to be defended." *State v. Tait*, 114 S.W.3d 518, 522 (Tenn. 2003).

The alleged offenses occurred on February 14, 1999, and the defendant was indicted for three counts of conspiracy to commit first degree murder on January 17, 2007, within the applicable statute of limitations. This indictment commenced the prosecution and tolled the running of the statute of limitations period. *State v. Devon O'Neal Wiggins*, No. W2008-01078-CCA-R3-CD, 2010 WL 2516871, at *7 (Tenn. Crim. App. June 22, 2010) (concluding that "the statute of limitations clock was stopped" when prosecution for an offense commenced). The State indicted the defendant for an additional count of conspiracy to commit first degree premeditated murder on March 26, 2008. The statute of limitations was tolled for a little over one year and four months until May 21, 2008, when it began to run again as a result of the State's agreement to nolle prosequi the charges in the January 17 indictment. *See id.*; *see also State v. Fred R. Parrish*, No. 01-C-01-9207-PB00239, 1994 WL 17511, at *1 (Tenn. Crim. App. Jan. 20, 1994) (stating that the statute of limitations period resumes running when the State enters an order to nolle prosequi the charges). The State re-indicted the defendant for conspiracy to commit first degree premeditated murder on March 19, 2014, fifteen years and thirty-six days after the date of the offense. The indictments state that the statute of limitations period was tolled as a result of prior pending indictments from March 26, 2008, to December 17, 2010, the date on which the State again agreed to nolle prosequi the charges. However, even if only the time period between January 17, 2007, and May 21, 2008, were excluded from the calculation of the statute of limitations, the prosecution was still timely commenced. Because the statute of limitations was tolled for over one year and four months, the March 19, 2014 indictments were still issued within the fifteen-year statute of limitations. Therefore, we conclude that the indictments were not barred by the statute of limitations.

### III. Double Jeopardy

The State argues that double jeopardy does not prohibit the State from re-trying the defendant. The State contends that jeopardy has never attached to the charges of conspiracy to commit first degree murder and in the alternative that if it had attached, jeopardy is still ongoing from the defendant's first trial.

The Fifth Amendment to the United States Constitution states that "[n]o person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Similarly, the Tennessee Constitution states that "no person shall, for the same offence, be twice put in jeopardy of life or limb." Tenn. Const. art I, § 10.

The Double Jeopardy Clause provides: "(1) protection against a second prosecution for the same offense after an acquittal; (2) protection against a second prosecution for the same offense after conviction; and (3) protection against multiple punishments for the same offense." *State v. Watkins*, 362 S.W.3d 530, 541 (Tenn. 2012) (citations omitted). A double jeopardy violation arises "*only* when an individual is twice placed in jeopardy for the same offense." *State v. Pennington*, 952 S.W.2d 420, 422 (Tenn. 1997) (emphasis in original). In the context of a jury trial, "jeopardy attaches when the jury is sworn." *Id.* In order to be placed in jeopardy, a defendant "must be [']subject to 'criminal prosecution' and put to trial.'" *Id.* (quoting *United States v. Grisanti*, 4 F.3d 173, 175 (2d Cir. 1993)). That is, "[t]he proceeding must be 'essentially criminal' and constitute an action 'intended to authorize criminal punishment to vindicate public justice.'" *Id.*

In order to determine whether two offenses constitute "the same offense" for the purposes of double jeopardy, this court applies the two-prong test from *Blockburger v. United States*, 284 U.S. 299, 301-304 (1932). *Watkins*, 362 S.W.3d at 556. The first prong addresses whether the offenses "arise from the same act or transaction." *Id.* If the offenses met this threshold, the court must examine the statutory elements of the offenses. *Id.* at 557. "[I]f each offense includes an element that the other does not, the statutes do not define the 'same offense' for double jeopardy purposes[.]" *Id.*

Here, the defendant was not twice placed in jeopardy for the offense of conspiracy to commit first degree premeditated murder, and the offense is not the "same offense" as any of the offenses for which the defendant was prosecuted. While the defendant was indicted for conspiracy to commit first degree premeditated murder, she was never placed in jeopardy because the State did not prosecute her for the offense at trial. As a result, the current prosecution is not a prosecution for the same offense for which there was a conviction or acquittal. Further, conspiracy to commit first degree premeditated murder does not constitute the same offense as any of the offenses prosecuted at the defendant's trial, as each offense contains an element that the other does not. *See Watkins*, 362 S.W.3d at 557. Therefore, we conclude that a second prosecution is not prevented by the Double Jeopardy Clause. However, while the Double Jeopardy Clause may not foreclose a second prosecution, Tennessee Rule of Criminal Procedure 8 may still operate to prohibit a subsequent prosecution for separate offenses that occurred as part of the same criminal episode.

### IV. Application of Rule 8 Following a Mistrial

The State argues that an indictment for additional charges resulting from the same criminal episode following a mistrial is not contrary to law. Specifically, the State contends that this court should follow the rationale of several prior panels of this court and conclude that an indictment containing additional charges is permitted after a mistrial.

Tennessee Rule of Criminal Procedure 8(a) governs the procedure for the mandatory joining of offenses. The Rule provides:

> (1) Criteria for Mandatory Joinder. Two or more offenses shall be joined in the same indictment, presentment, or information, with each offense stated in a separate count, or the offenses consolidated pursuant to Rule 13, if the offenses are:
>
>> (A) based on the same conduct or arise from the same criminal episode;
>>
>> (B) within the jurisdiction of a single court; and
>>
>> (C) known to the appropriate prosecuting official at the time of the return of the indictment(s), presentment(s), or information(s).
>
> (2) Failure to Join Such Offenses. A defendant shall not be subject to separate trials for multiple offenses falling within Rule 8(a)(1) unless they are severed pursuant to Rule 14.

The Advisory Commission Comment clarifies the intent of the mandatory joinder rule. The comment states that:

> The commission wishes to make clear that section (a) is meant to stop the practice by some prosecuting attorneys of "saving back" one or more charges arising from the same conduct or from the same criminal episode. Such other charges are barred from future prosecution if known to the appropriate prosecuting official at the time that the other prosecution is commenced, but deliberately not presented to a grand jury. "Appropriate prosecuting official" shall be so construed as to achieve the purpose of this rule, which is the prevention of a deliberate and willful "saving back" of known charges for future prosecution. The refusal of the grand jury to act upon such other charges would not be a violation of this joinder rule so as to bar future prosecution of such charges.

In *King v. State*, 717 S.W.2d 306 (Tenn. Crim. App. 1986), this court analyzed the application of Rule 8(a) to an instance where the State indicted the defendant for a different offense that was a part of the same criminal episode after the conclusion of the initial trial. In *King*, the defendant was initially charged with one count of assault with intent to commit murder in the first degree, and the trial court erroneously instructed the jury that malicious stabbing was a lesser included offense. *Id.* at 307. The jury convicted the defendant of

malicious stabbing, and, as a result of the erroneous instruction, this court reversed the conviction and dismissed the charges. *Id.* The State subsequently re-indicted the defendant on the charge of malicious stabbing, and the trial court dismissed the indictment pursuant to Tennessee Rule of Criminal Procedure 8. *Id.* On appeal, this court upheld the dismissal. *Id.* at 308. The court reasoned that the purpose of Rule 8 was "to prevent a defendant from being subjected to separate trials for multiple offenses when the multiple offenses are based on the same conduct or arise from the same criminal episode." *Id.* The court further stated that subsequent indictments were permissible after the defendant was tried on the initial charge if the subsequent charge was not known to the State at the time of the first indictment or if a second court had jurisdiction over the subsequent offense. *Id.* The court concluded that the subsequent indictment was prohibited by Rule 8 because the State was aware of the facts that gave rise to the malicious stabbing charge when it initially charged the defendant with felonious assault because "[t]he stabbing itself was the basis for the felonious assault charge." *Id.* In dicta, the court also made the following observation, which later led to disagreement among panels of this court:

> We do not perceive that any evil results from subsequent indictments being returned against a defendant charging him with additional offenses which are based on the same conduct or which arise from the same criminal episode upon which prior indictments have been returned[,] when the defendant has not been tried on any of the offenses at the time the subsequent indictments are returned. As previously noted, the purpose of Rule 8 is to prevent multiple trials on charges arising from the same conduct or from the same criminal episode except under the circumstances stated in the rule.

*Id.*

In *State v. Luther E. Fowler*, No. 03C01-9207-CR-00249, 1993 WL 278468 (Tenn. Crim. App. July 27, 1993), this court interpreted Rule 8 to bar any subsequent indictments after the declaration of a mistrial for any offenses known at the time of the first trial. *Id.* at *8. In *Fowler*, the defendant was initially indicted and tried for felonious assault. *Id.* at *1. The jury was unable to reach a verdict, and the trial court declared a mistrial. *Id.* The State re-indicted the defendant for felonious assault and the additional charge of aggravated assault against a second victim during the same criminal episode. *Id.* Raising the issue *sua sponte*, a divided panel of this court concluded that the indictment for the additional charge of aggravated assault violated Rule 8. *Id.* at *8. In the opinion, authored by a special judge who chaired the commission that drafted Rule 8 and its advisory comments, the court stated that the rule "was clearly meant to mandate the joinder in a single indictment of all offenses known at the time to have been committed in a single criminal episode." *Id.* at *7. The court reasoned that because the State elected to try the defendant only on the charge of felonious

10

assault, the subsequent mistrial did not alter the mandatory joinder requirement and "allow a 'saving back'" of the subsequent aggravated assault charge. *Id.* The court addressed the dicta from *King*, observing that the statement was not reflective of the judgment of either the Supreme Court in adopting Rule 8 or the General Assembly in approving the rule. *Id.* at *8. The court observed that "[w]hether evil results flow from its breach or not, mandatory joinder of the known offenses is absolutely required and the sanction is the denial to the State of a trial upon a charge made in violation of the rule." *Id.*

One member of the panel wrote a dissenting opinion. The dissent opined that "*King* stands for the proposition that the purpose of Rule 8 is to prevent multiple trials on charges arising from the same conduct." *Id.* at *9. The dissent distinguished *King*, noting that in *King* there was an "ultimate resolution" to the charge, yet the defendant was subjected to "a separate trial based on the same conduct." *Id.* However, Mr. Fowler's first trial ended in a mistrial, which "necessitat[ed] a future trial on the original charge." *Id.* Because a second trial on the original charge was necessary, the defendant was not subjected to multiple trials for the same conduct due to the subsequent indictment. *Id.*

Subsequent panels of this court have disagreed as to whether the *Fowler* court correctly interpreted the application of Rule 8 after the declaration of a mistrial. In *State v. Frank Michael Vukelich*, No. M1999-00618-CCA-R3-CD, 2001 WL 1044617 (Tenn. Crim. App. Sept. 11, 2001), a mistrial was declared on all counts after the defendant's trial for conspiracy to deliver marijuana and six money-laundering offenses. *Id.* at *5. The State subsequently re-indicted the defendant for conspiracy to deliver marijuana and eight money-laundering offenses*,* four of which were based upon testimony elicited at the defendant's trial. *Id.* The defendant was acquitted of one money-laundering charge and convicted of the other eight charges. *Id.* The trial court subsequently dismissed the four additional money laundering charges, and this court reversed the dismissal and reinstated the convictions. *Id.* at *6, 11. This court stated, "We believe that *Carruthers*[6] and *King* stand for the proposition

---

[6] In *State v. Carruthers*, 35 S.W.3d 516 (Tenn. 2000), the Tennessee Supreme Court adopted a portion of this court's opinion that relied on the dicta from *King* to analyze the application of Rule 8(a) to the return of multiple indictments prior to trial that alleged different offenses that were part of the same criminal episode. *Id.* at 573. The defendant was charged with three counts of first degree murder. *Id.* at 572. In a subsequent indictment returned prior to trial, the defendant was also indicted for three counts of especially aggravated kidnapping and one count of especially aggravated robbery. *Id.* All of the offenses were part of the same criminal episode and involved the same three victims. *Id.* The defendant argued that the indictment containing the murder charges should have been dismissed. *Id.* The supreme court adopted the following holding rejecting the defendant's argument:

> [The Defendant's] argument ignores the basic premise behind the Rule. The purpose of Rule 8 is to promote efficient administration of justice and to protect the rights of the accused. The rule clearly permits a subsequently returned indictment to be joined

that the purpose of Rule 8 is to prevent multiple trials necessitated by the prosecutor's "'holding back' of charges arising out of the same conduct for which other charges have been prosecuted to completion," disagreeing with the holding in *Luther Fowler*. *Id.* at *11. The court observed that because the defendant's trial ended with a hung jury, a second trial on the original charges was necessary "whether the new charges were brought or not." *Id.* The court further stated that "[f]ollowing a mistrial where a new trial *on the original charges* will be held in any event, we do not believe that Rule 8 is implicated." *Id.* (emphasis added).

Citing approvingly to *Vukelich*, this court reached a similar conclusion in *State v. Michael Hilliard*, No. W2008-02813-CCA-R3-CD, 2010 WL 4324346 (Tenn. Crim. App. Nov. 1, 2010), *perm. app. denied* (Tenn. Apr. 14, 2011), where the defendant was initially tried on charges of first degree premeditated murder, felony murder, attempted first degree murder, and especially aggravated robbery. *Id.* at *1. The jury was unable to reach a verdict on any charges, and the trial court declared a mistrial. *Id.* The State re-indicted the defendant for the same offenses and additionally indicted him for especially aggravated robbery, which was a part of the same criminal episode comprising the first indictment. *Id.* This court found that the reasoning of *Vukelich* was persuasive and that the holding of *Fowler* "is not supported by subsequent case law."[7] *Id.* at *11, 12. The court concluded that Rule 8 did not prohibit the subsequent indictment for especially aggravated robbery because "jeopardy was continuing from the declaration of the mistrial." *Id.* at *12.

The State now urges this court to adopt the reasoning of the *Vukelich* and *Hilliard*

---

with a previous indictment where the alleged offenses relate to the same criminal episode. This practice, however, does have certain limitations that, as the comments note, safeguard an accused against prosecutorial abuse. For example, a prosecutor cannot simply decide to "save" charges on other offenses arising out of the same conduct until after a trial is had on the original charges. Obviously, this would result in multiple trials and prejudice the defendant. This concern, however, is not present in the case at hand because the subsequent indictments were returned well before the start of trial.

*Id.* (citation omitted).

[7] The *Hilliard* court distinguished *State v. Cedric Johnson*, No. W2008-01593-CCA-R3, 2009 WL 4263653 (Tenn. Crim. App. Nov. 30, 2009), *aff'd in part, rev'd in part* 342 S.W.3d 468 Tenn. 2011, a case in which a divided panel of this court held that "[d]espite the inconsistent holdings regarding the mandatory joinder rule, we conclude that the *Luther E. Fowler* case provides the clearest guidance in applying Rule 8(a) because it provides a bright line rule for determining whether offenses based on the same conduct or arising out of the same criminal episode should be joined." *Id.* at 6. The *Hilliard* court noted that unlike *Cedric Johnson*, Mr. Hilliard's first indictments still were pending at the time the second indictment was returned. *Michael Hilliard*, 2010 WL 4324346, at *12. The court also addressed *Cedric Johnson's* citation to *Luther Fowler*, stating, "As for the holding in *Fowler*, we previously have stated that we disagree with its holding and, therefore, decline to follow it." *Id.*

12

courts over that of *Fowler* and argues that these holdings stand for the proposition that when a mistrial necessitates a new trial, the concern of "holding back" from Rule 8 is not implicated and new charges are permissible. However, we need not determine which of these analyses are correct because *Fowler*, *Vukelich*, and *Hilliard* are all distinguishable from the case at bar. In each of the aforementioned cases, a mistrial was declared as to all counts. There was never a final disposition of any of the charges, making a new trial on all the charges necessary. The mistrial restored the defendant to the same position as he was in before trial, when additional indictments are permitted, and the defendant was not required to endure separate trials for the same criminal episode.

Unlike the defendants in *Fowler*, *Vukelich*, and *Hilliard*, the defendant here was not returned to the same pre-trial position after the mistrial. The trial court did not declare a mistrial for all counts, instead declaring a mistrial only for the lesser included offense of facilitation of felony murder and granting judgments of acquittals for felony murder and second degree murder. The defendant was not re-indicted for the same offense that resulted in a mistrial, as Indictment No. 14-CR-158 alleged a different theory of facilitation of felony murder. The trial court dismissed all counts in the indictment, and the State challenges only the dismissal of the conspiracy to commit first degree murder charges. As a result, the defendant now faces a separate trial on charges that were not part of the mistrial and that were a part of the same criminal episode as the felony murder charges for which she was acquitted.

We conclude that the re-indictment for conspiracy to commit first degree murder is precisely the "saving back" that Rule 8 is intended to prevent. The offenses of felony murder and conspiracy to commit first degree murder were parts of the same common scheme or plan: to rob and murder the victims. The State was acutely aware of the conspiracy to commit first degree murder charge at the time of the defendant's first trial. That offense was consolidated with the offenses in indictment No. M-08-455, and the trial court required the State to select the indictments that it wished to prosecute at trial. Rather than prosecuting the defendant for both felony murder and conspiracy to commit first degree murder, the State chose to proceed to trial only on the charge of felony murder. Now, after a partial acquittal, the State is attempting to prosecute the defendant on a charge that it deliberately declined to prosecute at her first trial. The effect of this prosecution would be to subject the defendant to a separate criminal trial for multiple offenses that were mandatorily consolidated, a result that Rule 8(a)(2) expressly prohibits. Therefore, we conclude that the trial court properly found that Rule 8 precludes prosecution of the defendant for the charges of conspiracy to commit first degree premeditated murder.

13

## CONCLUSION

Based upon the foregoing, the judgments of the trial court are affirmed.


_____
JOHN EVERETT WILLIAMS, JUDGE