IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 15, 2001

## STATE OF TENNESSEE v. CLARENCE N. BAIRD and CATHY M. FISHER

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2000-A-592     Seth Norman, Judge**

<hr/>

**No. M2000-02314-CCA-R3-CD - Filed October 19, 2001**

This is a state appeal from the dismissal of an indictment based upon a violation of mandatory joinder Rule 8(a) of the Tennessee Rules of Criminal Procedure. The defendants, Baird and Fisher, and other individuals were first indicted on July 23, 1999, for aggravated gambling promotion. The indictment alleged the illegal activity occurred from August 1998 through December 1998. On October 18, 1999, the defendants pled guilty to aggravated gambling promotion. The defendants and other individuals were again indicted for aggravated gambling promotion on March 21, 2000. This indictment alleged the illegal activity occurred from January 1999 through June 1999, which was prior to the return of the first indictment. The trial court dismissed the second indictment, finding that it violated Rule 8(a) requiring joinder. After a thorough review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID H. WELLES and JAMES CURWOOD WITT, JR., JJ., joined.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Janice Bossing, Assistant District Attorney General, for the appellant, State of Tennessee.

Edward L. Hiland (at hearing and on appeal) and Charles E. Sizemore (at hearing), Nashville, Tennessee, for the appellees, Clarence N. Baird and Cathy M. Fisher.

## OPINION

This case relates to a prosecution for the offense of aggravated gambling promotion. *See* Tenn. Code Ann. § 39-17-504. We conclude both indictments arose from the same criminal episode; both alleged offenses were known to the appropriate prosecuting officials at the time of the first

indictment; and both alleged offenses were within the jurisdiction of the same court. Thus, the second indictment violated the mandatory joinder rule. *See* Tenn. R. Crim. P. 8(a).

**TESTIMONY AT THE MOTION TO DISMISS**

Officer Thomas W. Rollins, a Metro Police officer, testified he investigated a gambling organization led by George Foster, which ended in December 1998. Rollins stated he observed Baird "picking up number tickets" on numerous occasions. He further stated search warrants were executed on December 9, 1998, on several locations, including defendant Baird's residence. The indictment was returned on July 23, 1999, charging the defendants and others with aggravated gambling promotion for activities from August 1998 through December 1998.

Officer Steve Bumpas, a Metro Police officer who had been assigned to the District Attorney's Office, testified he was involved in the initial investigation that led to the first indictment, including the execution of one of the search warrants in December 1998. In February 1999, Bumpas observed Baird's vehicle parked outside of a "well known numbers house." Accordingly, Bumpas began another investigation which lasted approximately five months. Bumpas obtained a search warrant and searched Baird's residence on June 16, 1999, over a month prior to the return of the first indictment. From the evidence Bumpas acquired at the search, a grand jury indictment was returned on March 21, 2000, alleging illegal activities from January 1999 through June 1999.

When Bumpas executed the search warrant, Baird informed him that he was merely an employee of the gambling organization run by George Foster prior to December 1998. However, Baird stated that subsequent to the execution of the December 1998 search warrants, he "used Mr. Foster's name, but in actuality it was his business." Bumpas stated that Baird told him he informed customers he was accepting wagers "on behalf of Mr. Foster's organization, telling them that Mr. Foster was getting back into the business and wanted to take and bankroll their business."

Bumpas conceded the field investigation was completed on June 16, 1999, and he could not explain why the defendants were not indicted until March 2000, which was five months after defendants' guilty plea to the first indictment. Bumpas, at the time he initiated the February 1999 investigation, "knew that [Baird] had been participating in a gambling organization exactly like the one that [he] investigated from February to June; that search warrants had been executed; and that [Baird] was probably going to be indicted on those charges."

It was further established that on August 24, 1999, two months prior to defendants' guilty plea to the first indictment, Bumpas verified a Complaint for Forfeiture in the United States District Court in Nashville, Tennessee. The complaint referred to the gambling investigation of Baird, Fisher and others from February 1999 to June 1999. It further alleged Baird had participated in "illegal numbers operations since 1993," and he formed his own operation in December 1998.

Neither Rollins nor Bumpas testified as to any specifics relating to the investigation of defendant Fisher.

The trial court found the charges set forth in the two indictments were identical, except for the dates alleged. The trial court further found the events alleged in the second indictment occurred prior to the return of the first indictment and were known to the state. The trial court concluded the second indictment was in violation of Rule 8(a) and should be dismissed.

## TENN. R. CRIM. P. 8(A) MANDATORY JOINDER OF OFFENSES

### A. Summary of Events

To place this issue in proper perspective, we provide the following summary of relevant events as established by the evidence at the hearing:

August 1998 - Baird is being investigated for his participation in a gambling organization allegedly led by George Foster.

December 9, 1998 - This investigation leads to the execution of search warrants which included a search of Baird's residence. Officer Bumpas was aware of this investigation and participated in the execution of one of the search warrants.

February 1999 - Officer Bumpas begins a second investigation, having observed Baird's vehicle at a "well known numbers house."

June 16, 1999 - Officer Bumpas searches Baird's residence pursuant to a search warrant.

July 23, 1999 - The first indictment is returned alleging Baird, Fisher and others "participated in a gambling enterprise" (aggravated gambling promotion) from August 1998 through December 1998.

August 24, 1999 - Officer Bumpas executes a verified complaint referring to an investigation of Baird, Fisher and others from February 1999 to June 1999. He further alleges Baird participated in illegal numbers operations since 1993 and formed his own operation in December 1998.

October 18, 1999 - Baird and Fisher plead guilty to aggravated gambling promotion as alleged in the first indictment.

March 21, 2000 - The second indictment is returned alleging Baird, Fisher and others "participated in a gambling enterprise" (aggravated gambling promotion) from January 1999 through June 1999.

## B. Standard of Review

The findings of fact made by the trial court at the hearing are binding upon this court unless the evidence contained in the record preponderates against them. State v. England, 19 S.W.3d 762, 766 (Tenn. 2000). The trial court, as the trier of fact, is able to assess the credibility of the witnesses, determine the weight and value to be afforded the evidence and resolve any conflicts in the evidence. State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996). However, this court is not bound by the trial court's conclusions of law. State v. Simpson, 968 S.W.2d 776, 779 (Tenn. 1998). The application of the law to the facts found by the trial court are questions of law that this court reviews *de novo*. State v. Daniel, 12 S.W.3d 420, 423 (Tenn. 2000).

## C. Rule 8(a)

Two or more offenses must be joined or consolidated if (1) the offenses arise from the same conduct or criminal episode; (2) the conduct is known to the appropriate prosecuting official at the time of the return of the indictment; and (3) the offenses fall within the jurisdiction of a single court. Tenn. R. Crim. P. 8(a). We conclude the instant case satisfies the Rule 8(a) criteria.

### 1. Same Conduct or Criminal Episode

Both indictments alleged the defendants committed aggravated gambling promotion in violation of Tenn. Code Ann. § 39-17-504 and were identically worded, except as to those named and the dates of commission of the offense. The first indictment alleged the conduct occurred from August 1998 through December 1998, and the second indictment alleged the conduct occurred from January 1999 through June 1999.

The state contends the two indictments represent separate criminal enterprises. Specifically, it alleges the first indictment relates to the enterprise run by George Foster, and the second indictment relates to the enterprise taken over and run by Baird.

The term "same conduct" refers to "a single action which may be divisible into distinct offenses." State v. Dunning, 762 S.W.2d 142, 143-44 (Tenn. Crim. App. 1988). We agree with the state that the alleged conduct of the defendants was not a "single action" and, thus, was not the "same conduct" under Tenn. R. Crim. P. 8(a).

However, whether the alleged conduct relates to one "criminal episode" presents a more difficult question. A "criminal episode relates to several distinct offenses which arise out of separate actions or conduct but which occur in a closely connected series of events in place and time." D. Raybin, **Tennessee Criminal Practice and Procedure** § 17.23, p. 490 (1984). We have found no Tennessee cases defining the words "criminal episode." However, the American Bar Association Standards for Criminal Justice § 13-1.2 Commentary (1986), states the following:

Single criminal episode offenses normally are generated by separate physical actions. The actions may be committed by separate defendants. In other respects, however, they are similar to same conduct offenses: they occur simultaneously or in close sequence, and they occur in the same place or in closely situated places. A critical characteristic of single episode offenses, particularly in cases involving otherwise unrelated offenses or offenders, is the fact that proof of one offense necessarily involves proof of the others.

(Footnotes omitted). Criminal episode has also been defined as "an occurrence or connected series of occurrences and developments which may be viewed as distinctive and apart although part of a larger or more comprehensive series." Commonwealth v. Campana, 304 A.2d 432, 439 (Pa. 1973) (quoting ABA Standards Relating to Joinder and Severance § 1.3(a) Commentary).

The policy behind Rule 8(a) is to avoid piecemeal litigation and to disallow the "saving back" of charges arising from the same conduct or same criminal episode. King v. State, 717 S.W.2d 306, 308 (Tenn. Crim. App. 1986); *see also* Raybin, § 17.23 at 490. We agree with the trial court that the circumstances of this case fall within that which was intended to be prohibited by Rule 8(a).

The state argues that Baird had lesser involvement in the gambling enterprise during the period alleged in the first indictment as opposed to the period alleged in the second indictment. The state's proof indicated Baird's continuing involvement with little or no interruption in time. The first indictment alleged illegal activities from August 1998 through December 1998, and the second indictment alleged illegal activities from January 1999 through June 1999. Baird's alleged greater involvement in the enterprise during the second period of time as compared to the first period of time did not terminate the "criminal episode," even if separate convictions were possible.

We reach the same conclusion as to Fisher. The proof indicates Officer Bumpas was aware of Fisher's alleged illegal activities between January 1999 and June 1999 at the time of the first indictment on July 23, 1999.

Accordingly, we conclude the second indictment alleges illegal activities that arose from the same criminal episode that was the subject of the first indictment.

## 2. Known To Prosecuting Official/Jurisdiction

Rule 8(a) also requires that the appropriate prosecuting official know of the offenses at the time of the indictment. The state has not advanced any argument indicating it was unaware of the January 1999 through June 1999 activities at the time the first indictment was returned on July 23, 1999. In fact, the proof indicates that one agency and the same officer were involved in the investigations covering both August 1998 through December 1998 and January 1999 through June 1999. The state has advanced no reason why it waited until March 2000, eight months after the first indictment and five months after the defendants' guilty plea, to secure the second indictment, which

alleged commission of the same offense during a time period prior to the return of the first indictment.

Likewise, the state does not argue that the same court did not have jurisdiction of all alleged offenses. Both indictments alleged the offenses were committed in Davidson County; thus, the same court had jurisdiction with regard to both indictments.

### 3. Consolidation

Tenn. R. Crim. P. 8(a) requires that certain offenses either be "joined. . . or consolidated pursuant to Rule 13." (Emphasis added). The purpose of Rule 8(a) is to prevent multiple trials on charges arising from the same conduct or same criminal episode. King, 717 S.W.2d at 308. Thus, the rule does not necessarily prohibit a subsequent indictment, provided it is consolidated with the prior indictment before trial or disposition. *See* State v. Carruthers, 35 S.W.3d 516, 573 (Tenn. 2000) (Appendix); King, 717 S.W.2d at 308.

Unfortunately, it was impossible to consolidate the second indictment with the first indictment since the defendants had already pled guilty to the first indictment before the second indictment was returned. This is the evil Rule 8(a) seeks to prevent.

### CONCLUSION

The trial court properly dismissed the second indictment as being in violation of the mandatory joinder rule. Although defendants also claim a double jeopardy violation, we need not determine whether separate convictions could be obtained under the indictments. Based upon our review of the record, we affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE