IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 15, 2011

## STATE OF TENNESSEE v. VIRGIL CAMPBELL

**Appeal from the Circuit Court for Bledsoe County**
**No. 9-2007      Buddy Perry, Judge**

_____

**No. E2010-01711-CCA-R3-CD - Filed May 20, 2011**

_____

Following a jury trial, the Defendant, Virgil Campbell, was convicted of two counts of aggravated assault, a Class C felony. See Tenn. Code Ann. § 39-13-102(e)(1). The trial court sentenced the Defendant as a Range I, standard offender to five years for each count and ordered that the terms run consecutively. In this direct appeal, the Defendant raises the following issues: (1) The trial court erred when it denied his motion to sever the two offenses; and (2) The trial court erred when it sentenced him to consecutive sentences. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Howard C. Upchurch, Pikeville, Tennessee, for the appellant, Virgil Campbell.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; and J. Michael Taylor, District Attorney General, for the appellee, State of Tennessee.

### OPINION

**Factual Background**

On October 28, 2006, the VFW Club in Bledsoe County hosted a Halloween party. The Defendant and Doug Campbell, who was the Defendant's brother and co-defendant,

were in attendance, as well as Terry Angel and Jerry Angel,[1] twin brothers and the victims in this case. Around 11:00 p.m. or midnight, the Defendant and Terry were playing billiards. While Terry was bent over to make a shot, the Defendant hit him on the head with a pool cue stick, causing a serious injury that required eleven staples to be placed in Terry's head. After the Defendant hit Terry on the head, Terry and the Defendant began wrestling on the floor. The bartender at the VFW Club, as well as other bystanders, helped to break up the fight. The Defendant and his brother left the club, and the bartender took Terry into the bathroom to help clean-up his wound.

Several minutes later, Jerry went outside the club, believing that the Defendant and his brother had already left. However, when he went outside, he saw the two men and asked, "What did you hit Terry with a pool stick for?" Jerry said that Doug Campbell replied, "Come here, I got something for you," and then proceeded to attack Jerry with a pocket knife. The Defendant also began attacking Jerry with a pocket knife. As a result of the attack, Jerry required over 200 stitches to treat the injuries he sustained to his face, eyeballs, lips, wrists, arms, legs, back, and chest.

In March 2007, a Bledsoe County grand jury returned a two-count indictment. Count one alleged that the Defendant committed an aggravated assault upon Terry and count two alleged that both the Defendant and Doug Campbell committed an aggravated assault upon Jerry. A trial was held on October 8-9, 2009, and the jury convicted both men as charged. The trial court sentenced the Defendant to five years for each count and ordered that the terms run consecutively. The Defendant now appeals.

**Analysis**

In this direct appeal, the Defendant raises the following issues for our review: (1) The trial court erred when it denied his motion to sever the two offenses; and (2) The trial court erred when it sentenced him to consecutive sentences.

**I. Severance of Offenses**

The Defendant contends that the trial court erred when it failed to grant his motion to sever the two aggravated assault offenses. The State argues that the Defendant has waived this issue by failing to include in the record on appeal a copy of the transcript of the hearing conducted on his motion to sever. In the alternative, the State argues that the trial court did not abuse its discretion by denying the Defendant's motion to sever the two offenses.

---

[1] For clarity, we will refer to the victims by their first names. No disrespect is intended by the use of the victims' first names.

The State is correct that the record on appeal is incomplete. The record does not contain a copy of the transcript for the hearing pertaining to the Defendant's motion to sever offenses. "It is the duty of the appellant to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues which form the basis of the appeal and will enable the appellate court to determine the issues." State v. Meeks, 779 S.W.2d 394, 397 (Tenn. Crim. App. 1988) (citing Tenn. R. App. P. 24(b)). In the absence of an adequate record of the hearing for the motion to sever, we must generally presume that the trial court's ruling was correct. See State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991).

Additionally, we note that, based on the record that we have, the trial court did not err when it denied the Defendant's motion to sever the two aggravated assault charges. Rule 8(a) of the Tennessee Rules of Criminal Procedure states as follows:

(a) Mandatory Joinder of Offenses.

(1) Criteria for Mandatory Joinder. Two or more offenses shall be joined in the same indictment, presentment, or information, with each offense stated in a separate count, or the offenses consolidated pursuant to Rule 13, if the offenses are:

(A) based on the same conduct or arise from the same criminal episode;
(B) within the jurisdiction of a single court; and
(C) known to the appropriate prosecuting official at the time of the return of the indictment(s), presentment(s), or information(s).

In State v. Goodwin, our supreme court discussed severance of offenses and stated as follows:

Offenses based upon the same conduct or arising from the same criminal episode must be joined for the same trial. Tenn. R. Crim. P. 8(a). A severance of such offenses shall be granted before trial if it is deemed appropriate to promote a fair determination of the defendant's guilt or lack thereof or during trial if it is deemed necessary to achieve a fair determination. Tenn. R. Crim. P. 14(b)(2)(I), (ii).

As this Court has previously interpreted Rule 14, the "primary issue" to be considered in any severance case is whether evidence of one offense would be admissible in the trial of the other if the two offenses remained severed. See State v. Burchfield, 664 S.W.2d 284, 286 (Tenn. 1984).

-3-

143 S.W.3d 771, 780 (Tenn. 2004). The supreme court also noted that, "[i]n certain situations, the state may offer evidence of prior crimes, wrongs or acts that are relevant only to provide a contextual background for the case." Id.

The Defendant's two aggravated assault charges were subject to mandatory joinder, as they arose from the same criminal episode. In State v. Baird, this Court noted, "A 'criminal episode relates to several distinct offenses which arise out of separate actions or conduct but which occur in a closely connected series of events in place and time.'" 88 S.W.3d 617, 620 (Tenn. Crim. App. 2001) (quoting David Raybin, Tennessee Criminal Practice and Procedure § 17.23 (1984)). In the instant case, the two aggravated assaults both occurred within minutes of each other at the VFW Club. Additionally, Jerry testified that he asked the Defendant, "What did you hit Terry with a pool stick for?" right before he was attacked by the Defendant and Doug Campbell. Evidence of the Defendant's attack on Terry was relevant to provide the context for the attack on Jerry. The Defendant is not entitled to relief on this issue.

## II. Consecutive Sentences

On appeal, the party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Comments; see also State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001). When a defendant challenges the length, range, or manner of service of a sentence, it is the duty of this Court to conduct a de novo review on the record with a presumption that the determinations made by the court from which the appeal is taken are correct. Tenn. Code Ann. § 40-35-401(d). However, this presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Pettus, 986 S.W.2d 540, 543-44 (Tenn. 1999); see also State v. Carter, 254 S.W.3d 335, 344-45 (Tenn. 2008). If our review reflects that the trial court failed to consider the sentencing principles and all relevant facts and circumstances, then review of the challenged sentence is purely de novo without the presumption of correctness. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see also Carter, 254 S.W.3d at 344-45.

In conducting a de novo review of a sentence, this Court must consider (a) the evidence adduced at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) evidence and information offered by the parties on the enhancement and mitigating factors set forth in Tennessee Code Annotated sections 40-35-113 and 40-35-114; (f) any statistical information provided by the Administrative Office of the Courts as to Tennessee sentencing practices for similar offenses;

and (g) any statement the defendant wishes to make in the defendant's own behalf about sentencing. Tenn. Code Ann. § 40-35-210(b); see also Carter, 254 S.W.3d at 343; State v. Imfeld, 70 S.W.3d 698, 704 (Tenn. 2002).

Tennessee Code Annotated section 40-35-115(b) provides that a trial court may, in its discretion, order sentences to run consecutively if it finds any one of the following criteria by a preponderance of the evidence:

(1) The defendant is a professional criminal who has knowingly devoted the defendant's life to criminal acts as a major source of livelihood;

(2) The defendant is an offender whose record of criminal activity is extensive;

(3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

(4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

(5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6) The defendant is sentenced for an offense committed while on probation; or

(7) The defendant is sentenced for criminal contempt.

These criteria are stated in the alternative; therefore, only one need exist to support the appropriateness of consecutive sentencing. However, the imposition of consecutive sentencing is subject to the general sentencing principles that the overall sentence imposed "should be no greater than that deserved for the offense committed," that it "should be the

least severe measure necessary to achieve the purposes for which the sentence is imposed," and that the defendant's "potential for rehabilitation" be considered. Tenn. Code Ann. § 40-35-103(2), (4), (5).

The trial court found that factors (2) and (4) applied to the Defendant and imposed consecutive sentences. The Defendant argues that the trial court erred when classifying his record of criminal activity as "extensive" because he only had three prior convictions—a federal drug-related conviction, a federal firearm-related conviction, and a misdemeanor drug conviction in Bledsoe County. He also asserts that the trial court did not make the additional required findings for consecutive sentences as a dangerous offender[2] and, therefore, erred when it applied factor (4). The State concedes that the trial court did not make the additional required findings to support consecutive sentences as a dangerous offender but argues that this Court should apply that factor on de novo review. The State also asserts that this Court should find that factor (6) applies because the Defendant was on federal probation at the time of the instant offenses.

The record indicates that the Defendant pleaded guilty to two federal offenses in September 2001 and was on probation for those crimes when the instant aggravated assaults occurred. After our de novo review, we conclude that factor (6) applies to the Defendant and, because only one of the seven factors provided in section 40-35-115(b) is necessary to support consecutive sentencing, we affirm the trial court's order that the Defendant's sentences run consecutively. See State v. Luis Castanon, No. M2003-01491-CCA-R3-CD, 2005 WL 544724, at *6 (Tenn. Crim. App., Nashville, Mar. 8, 2005); State v. Gregory Lamont Turner, No. 01C01-9402-CR-00068, 1995 WL 676400, at *10 (Tenn. Crim. App., Nashville, Nov. 15, 1995). In our view, the record also supports a finding that consecutive sentences are warranted because the Defendant qualifies as a dangerous offender and the Wilkerson requirements have been met. See 905 S.W.3d at 938. The Defendant is not entitled to relief on this issue.

**Conclusion**

Based on the foregoing authorities and reasoning, we affirm the judgments of the trial court.

---

[2] Regarding the imposition of consecutive sentences because the defendant is a dangerous offender, our supreme court has held, "The proof must also establish that the terms imposed are reasonably related to the severity of the offenses committed and are necessary in order to protect the public from further criminal acts by the offender." State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995).

_____
DAVID H. WELLES, JUDGE