FILED

01/31/2018

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
November 7, 2017 Session

**STATE OF TENNESSEE v. ROY LEE ELLIS**

**Appeal from the Circuit Court for Carroll County
No. 2016-CR-87 Donald E. Parish, Judge**

_____

**No. W2017-00699-CCA-R3-CD**

_____

The Carroll County Grand Jury issued a five-count indictment in Case No. 2015-CR-8, charging Roy Lee Ellis ("the Defendant") with especially aggravated kidnapping, aggravated rape, aggravated assault, possession of drug paraphernalia, and theft of services. Following a jury trial, the Defendant was found guilty of possession of drug paraphernalia but was acquitted of especially aggravated kidnapping, aggravated rape, and aggravated assault of A.H.,[1] an adult female. The theft of services count was not presented to the jury. Based on video images captured from one of the Defendant's cellular phones during the police investigation into Case No. 2015-CR-8, the State also obtained an indictment of the Defendant for two counts of sexual exploitation of a minor in Case No. 2016-CR-87. The Defendant filed a "Motion to Quash Indictment Because [o]f Misjoinder and/or Double Jeopardy" ("the Motion").[2] Following a hearing on the motion, the trial court found that the State violated the mandatory joinder requirement of Tennessee Rule of Criminal Procedure 8(a) and dismissed the indictment, and the State appealed. Because the two counts of sexual exploitation of a minor were not "based on the same conduct" nor did they "arise from the same criminal episode" as the offenses for which the Defendant was tried, we reverse the trial court, reinstate the indictment in Case No. 2016-CR-87, and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Reversed and Remanded**

_____

[1] In order to protect the alleged victim's identity, we will refer to her by initials only.

[2] Motions to quash were abolished with the adoption of the Tennessee Rules of Criminal Procedure. *See* Tenn. R. Crim. P. 12(a). We will treat the motion filed by the Defendant as a Rule 12(a) motion to dismiss the indictment.

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; Matthew F. Stowe, District Attorney General, for the appellant, State of Tennessee.

Benjamin S. Dempsey, Huntingdon, Tennessee, for the appellee, Roy Lee Ellis.

**OPINION**

*Facts and Procedural History of Case No. 2015-CR-8*

A.H. filed a complaint with the Bruceton Police Department (BPD) on September 5, 2014, claiming that the Defendant kidnapped, assaulted, and raped her at his home on September 2, 2014. A.H. told the authorities that, in an effort to induce her into having sex, the Defendant showed her videos on his cellular phone "of him having sex with girls." She was worried that the Defendant had filmed her during the September 2 incident.

On September 5, 2014, BPD officers executed a search warrant at the Defendant's residence and seized as evidence one Samsung Android cellular phone, one ZTE Android cellular phone, and one Samsung feature cellular phone. On September 6, 2014, the Defendant was arrested. On September 16, 2014, a second search warrant was issued to search the three cellular phones. On September 30, 2014, the cellular phones were sent to the Tennessee Bureau of Investigation (TBI) for analysis.

On January 5, 2015, the Carroll County Grand Jury issued a five-count indictment charging the Defendant with especially aggravated kidnapping, aggravated rape, aggravated assault, possession of drug paraphernalia, and theft of services in Case No. 2015-CR-8.

On March 30, 2015, the TBI issued its report and delivered video images and photographs captured from the cellular phones to the district attorney general's office.[3]

---

[3] The video images and photographs captured from the Defendant's cellular phones and returned to the district attorney general are not part of the record on appeal, so it is not clear how many video images and photographs were captured from the cellular phones. However, the number appears quite large based on counsel for the Defendant's statement during argument on the motion: "[T]he TBI gave them these things that he now knows about whether it was two

The jury trial in Case No. 2015-CR-8 began on January 19, 2016, and the verdict was returned on January 21, 2016. The State sought to introduce two photographs of sexual acts captured from the Defendant's cellular phone. The State asserted that one of the photographs showed forced oral sex, but the Defendant claimed that the photograph showed consensual oral sex by his wife. Following a 404(b) hearing, the trial court excluded introduction of the two photographs.[4] The Defendant testified that his sexual interaction with A.H. on September 2, 2014, was consensual. The jury found the Defendant guilty of possession of drug paraphernalia and not guilty of especially aggravated kidnapping, aggravated rape, aggravated assault, and all lesser-included offenses.

*Facts and Procedural History of Case No. 2016-CR-87*

On September 7, 2016, the Carroll County Grand Jury indicted the Defendant in Case No. 2016-CR-87 on two counts of "knowingly possess[ing] material that includes a minor engaged in sexual activity, thereby committing the offense of sexual exploitation of a minor, in violation of T.C.A. §39-17-1003(a)(1)." The indictment avers that both offenses occurred on or before September 2, 2014. The two images were included in the evidence captured from the Defendant's cellular phones, which was delivered to the district attorney general's office on March 30, 2015.

In January of 2017, the Defendant filed a motion to dismiss the indictment claiming:

> When a defendant has been acquitted, the Double Jeopardy Clause of the Fifth Amendment guarantees that the government will not be permitted to make repeated attempts to convict the defendant. So long as the acquittal involves a resolution, correct or not, of some or all of the factual elements of the offense charged, a final verdict of acquittal bars a subsequent indictment or prosecution for the same offense. Also, the Tennessee Constitution prohibits misjoinder and double jeopardy. *See*[] Tenn. Const. art. I, section 10; *State v. Denton*, 938 S. W.2d 373 (Tenn. 1996) and *State v. Winningham*, 958 S.W.2d 740 (Tenn. 1997).

thousand (2000), five thousand (5000) other things." Counsel then stated: "[W]e took a short recess at trial. I looked at about a thousand (1000) videos that day, because they said [A.H.] was in them, and, of course, [A.H.] was not in the videos."

[4] We glean from the record that neither of the photographs the State attempted to introduce at trial in Case No. 2015-CR-8 was the evidence that led to the indictment of the Defendant for sexual exploitation of a minor.

3

The State filed a response to the motion stating that the cellular phones were delivered to the TBI on September 30, 2014, and that on March 30, 2015, "the TBI issued a detailed report along with a disc that captured certain videos and images that were located on the electronic media that was analyzed by the TBI."

The trial court conducted a hearing on the motion on February 17, 2017. No testimony was presented. The parties stipulated that the district attorney general's office received the materials captured from the Defendant's cellular phones, which include the two images that led to the sexual exploitation of a minor indictment, on March 30, 2015. The "discovery packet" provided by the State to the Defendant in the sexual exploitation case was marked and filed as an exhibit at the hearing. The packet included:

(1) a "Receipt of Discovery" in Case No. 2016-CR-87 received by counsel for the Defendant on December 6, 2016, stating that provided are "68 pages plus [Defendant's] trial testimony 2 – 95" and "1 CD[,] 2 Photographs that were recovered from an examination of Defendant's electronic devices by the TBI";

(2) the written statement of A.H. in Case No. 2016-CR-87;

(3) the September 6, 2014 written statement of the Defendant;

(4) the September 5, 2014 search warrant affidavit and search warrant to search the Defendant's residence;

(5) the September 16, 2014 search warrant affidavit and search warrant to search the three cellular phones recovered from the Defendant's residence;

(6) BPD's request to the TBI seeking examination of the three cellular phones obtained during the execution of the search warrant on the Defendant's home;

(7) the September 23, 2014 letter from the district attorney general to the TBI requesting an examination of "stored communications, records, files, directories, call logs, photos, videos and text messages";

(8) the September 30, 2014 TBI form acknowledging receipt of the three cellular phones;

(9) the March 30, 2015 TBI report;

(10) the transcript of the Defendant's January 21, 2016 jury trial testimony;[5]

(11) the March 10, 2016 letter from the district attorney general to the Interstate Crimes Against Children Task Force with photographs enclosed stating that "[t]here are thousands of additional pornographic images that may involve children available on a CD" and seeking "your opinion as to whether you deem these photographs to be child pornography, and to determine, if possible, where they may have originated"; and

(12) photographs of the Defendant's cellular phones, photographs of the interior of the Defendant's home, and photographs of numerous compact discs.

At the conclusion of the hearing, the trial court concluded:

[T]hat there is a misjoinder present, and that this situation is governed by Rule 8 of the Rules of Criminal Procedure, and the Court is particularly guided by the Advisory [C]ommission [C]omments, which direct the Court's attention to the concept of holding back as I was discussing with the Attorney General.

The Court's understanding is the same as that of the Advisory Commission, which suggests that the purpose of the joinder rule, as it relates to this concept, is the beginning, or the commencement, of an action, and the [S]tate had not sufficient information, of course, to charge [the Defendant] on the night he was arrested for the sex charge, the original sex charge, with possession of these photographs, but they did, at least by, and this is the stipulated date that we're working from, March 30th, 2015, the original arrest occurring on, or about, September 14, 2014.

It is very significant in the Court's view that the Grand Jury in Carroll County met again in May, in September, and in January, on three (3) occasions, before the case went to trial after the [S]tate had this information in it[]s presence, and there was no effort to re-indict [the Defendant], either in a super[s]eding indictment, or just simply go get another indictment for this new charge. So I think that this is the classic situation where the rule is intended to bar this prosecution.

---

[5] The State's motion to file the entire trial transcript was granted, and the trial transcript was later filed as part of the appellate record.

5

The key is here that the information leading to the second prosecution was available to, and either was known, or should have been known, by the prosecuting authorities well before this matter when to trial, and it just creates the situation where it appears that though there was a holding back, so that being the case, the "[M]otion to Quash" is granted.

On March 20, 2017, the trial court filed its written order dismissing the case. The State timely appealed, claiming that the trial court erred in dismissing the indictment because the offenses in Case No. 2016-CR-87 were not based on the same conduct and did not arise from the same criminal episode as the offenses in Case No. 2015-CR-8.

## Analysis

### *Standard of Review*

The findings of fact made by a trial court at a hearing on mandatory joinder of offenses "are binding upon this court unless the evidence contained in the record preponderates against them." *State v. Baird*, 88 S.W.3d 617, 620 (Tenn. Crim. App. 2001) (citing *State v. England*, 19 S.W.3d 762, 766 (Tenn. 2000)). "However, this court is not bound by the trial court's conclusions of law." *Id.* (citing *State v. Simpson*, 968 S.W.2d 776, 779 (Tenn. 1998)). The application of the law to the facts is a question of law that this court reviews de novo. *State v. Daniel*, 12 S.W.3d 420, 423 (Tenn. 2000).

In this case, there is no dispute concerning the following facts:[6]

1. On September 2, 2014, events occurred that led to the indictment of the Defendant for aggravated rape, especially aggravated kidnapping, and aggravated assault of A.H.[7]

---

[6] Although the parties stipulated that the district attorney general received the TBI report on the Defendant's cellular phones on March 30, 2015, the parties did not establish when the State became aware that the photographs that were the basis for the charges in Case No. 2016-CR-87 contained images of children. During argument on the motion to dismiss, the district attorney general stated that he became aware of the two images that later led to the indictment of the Defendant for sexual exploitation of a minor four days before the jury trial in Case No. 2015-CR-8, but counsel for the Defendant objected to "those facts not being in the record" and no proof was presented by the State or the Defendant on that issue.

[7] We will exclude from this analysis the possession of drug paraphernalia offense because that offense arose as a result of the execution of the search warrant on September 5, 2014.

6

2. On September 5, 2014, three cellular phones were seized when the BPD executed a search warrant at the Defendant's residence.

3. On January 5, 2015, the Carroll County Grand Jury issued a five-count indictment charging the Defendant with especially aggravated kidnapping, aggravated rape, aggravated assault, possession of drug paraphernalia, and theft of services.

4. On March 30, 2015, the TBI returned to the district attorney general's office its report and compact discs containing video images and photographs captured from the Defendant's cellular phones.

5. On January 21, 2016, the jury found the Defendant not guilty of especially aggravated kidnapping, aggravated rape, and aggravated assault.

6. On September 7, 2016, the Defendant was indicted for two counts of sexual exploitation of a minor.

7. The Carroll County Grand Jury met on three occasions between the time the district attorney general received the evidence that led to the indictment of the Defendant for sexual exploitation of a minor and the Defendant's jury trial in Case No. 2015-CR-8.

*Mandatory Joinder*

Tennessee Rule of Criminal Procedure 8(a), which governs mandatory joinder of offenses, provides:

(1) *Criteria for Mandatory Joinder.* Two or more offenses shall be joined in the same indictment, presentment, or information, with each offense stated in a separate count, or the offenses consolidated pursuant to Rule 13, if the offenses are:

(A) based on the same conduct or arise from the same criminal episode;

(B) within the jurisdiction of a single court; and

(C) known to the appropriate prosecuting official at the time of the return of the indictment(s), presentment(s), or information(s).

(2) *Failure to Join Such Offenses*. A defendant shall not be subject to separate trials for multiple offenses falling within Rule 8(a)(1) unless they are severed pursuant to Rule 14.

Tenn. R. Crim. P. 8(a).

"One of the purposes of the mandatory joinder requirements in Tenn. R. Crim. P. 8(a) is to stop the practice by some prosecuting attorneys of 'saving back' charges because this practice necessitates multiple trials and adversely affects discovery, plea bargaining, and other pre-trial procedures." *State v. Johnson*, 342 S.W.3d 468, 473 (Tenn. 2011) (citing Tenn. R. Crim. P. 8, Advisory Comm'n Cmts). This court has stated that "[t]he policy behind Rule 8(a) is to avoid piecemeal litigation[.]" *Baird*, 88 S.W.3d at 621. All three of the criteria listed in Rule 8(a)(1) must exist before multiple offenses are required to be joined.

*Rule 8(a)(1)(A) - Same Conduct*

The phrase "same conduct [] relates to a single action which may be divisible into distinct offenses." **David Louis Raybin**, *Tennessee Practice: Criminal Practice and Procedure*, Vol. 9 § 17.16, p. 595 (rev. ed. 2008); *see Baird*, 88 S.W.3d at 620, (first indictment alleging aggravated gambling promotion from August 1998 through December 1998, and the second indictment alleging aggravated gambling promotion from January 1999 through June 1999 did not arise from the same conduct); *State v. Dunning*, 762 S.W.2d 142, 144 (Tenn. Crim. App. 1988) ("separate acts of selling cocaine to different officers from two distinct law enforcement investigations on different days [wa]s not a single action but a series of independently motivated occurrences"). Some examples of offenses considered to be the "same conduct" are: "where a defendant fires a gun and the single bullet kills two people, the defendant is legally guilty of two murders which were precipitated by a 'single or the same conduct, . . . a single act of intercourse resulting in convictions for rape and incest, and murder with a weapon and carrying a weapon." **David Louis Raybin**, *Tennessee Practice: Criminal Practice and Procedure*, § 17:16, at 595.

To determine whether the offenses in Case No. 2016-CR-187 and the offenses in Case No. 2015-CR-8 were based on the same conduct, we must first look at the elements of the offenses. Tennessee Code Annotated section 39-13-305, which codifies the offense of especially aggravated kidnapping, provides in pertinent part:

a) Especially aggravated kidnapping is false imprisonment, as defined in § 39-13-302:

8

(1) Accomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon;

. . . .

(4) Where the victim suffers serious bodily injury.

Tenn. Code Ann. § 39-13-305(a). "A person commits the offense of false imprisonment who knowingly removes or confines another unlawfully so as to interfere substantially with the other's liberty." Tenn. Code Ann. § 39-13-302(a).

Tennessee Code Annotated section 39-13-502, which codifies the offense of aggravated rape, provides in pertinent part:

(a) Aggravated rape is unlawful sexual penetration of a victim by the defendant or the defendant by a victim accompanied by any of the following circumstances:

(1) Force or coercion is used to accomplish the act and the defendant is armed with a weapon or any article used or fashioned in a manner to lead the victim reasonably to believe it to be a weapon;

(2) The defendant causes bodily injury to the victim[.]

Tenn. Code Ann. § 39-13-502.

"A person commits aggravated assault who[] [i]ntentionally or knowingly commits an assault as defined in § 39-13-101, and the assault[] . . . [i]nvolved the use or display of a deadly weapon[.]" Tenn. Code Ann. § 39-13-102(a)(1)(A)(iii). A person commits assault who:

(1) Intentionally, knowingly or recklessly causes bodily injury to another;

(2) Intentionally or knowingly causes another to reasonably fear imminent bodily injury; or

(3) Intentionally or knowingly causes physical contact with another and a reasonable person would regard the contact as extremely offensive or provocative.

9

Tenn. Code Ann. 39-13-101(a).

Tennessee Code Annotated section 39-17-1003, which codifies the offense of sexual exploitation of a minor, provides in pertinent part that "[i]t is unlawful for any person to knowingly possess material that includes a minor engaged in[] . . . [s]exual activity[.]" Tenn. Code Ann. § 39-17-1003(a)(1).

Determining the actus reus, or the physical aspect of the crime, necessary to convict a defendant of each of the offenses for which the Defendant was indicted is helpful in making a comparison of the conduct involved in the offenses. Obviously, other elements of the offenses would have to be proven to convict the Defendant of any of the offenses for which he was indicted. The act necessary to convict a defendant of sexual exploitation of a minor is possessing. *See* Tenn. Code Ann. § 39-17-1003(a). Possessing is distinct and differs from the act necessary to convict a defendant of kidnapping—removing or confining, *See* Tenn. Code Ann. § 39-13-302(a); rape—sexually penetrating, *See* Tenn. Code Ann. § 39-13-502, 503; and assault—causing either bodily injury or causing another to reasonably fear imminent bodily injury, *See* Tenn. Code Ann. § 39-13-101(a)(1). The offenses in Case No. 2015-CR-8 and the offenses in Case No. 2016-CR-87 did not arise from a single act divisible into distinct offenses. *See Dunning*, 762 S.W.2d 142, 143-44 (Tenn. Crim. App. 1988)). The offenses were not "based on the same conduct" under Tennessee Rule of Criminal Procedure 8(a).

*Rule 8(a)(1)(A) - Same Criminal Episode*

In *State v. Johnson*, Justice William C. Koch, Jr., traced the development of the concept of the "same criminal episode" in Tennessee to *Duchac v. State*, 505 S.W.2d 237, 240 (Tenn. 1973). *State v. Johnson*, 342 S.W.3d 468, 474 (Tenn. 2011). In *Duchac*, the defendant was convicted of third degree burglary and carrying burglarious instruments. *Duchac*, 505 S.W.2d at 238. The Court of Criminal Appeals determined "that the third degree burglary conviction barred the conviction for carrying burglarious instruments because the two convictions arose out of the same transaction and because the same proof made out both offenses." *Id.* at 239. In reversing this court, the supreme court determined that "the 'same transaction' test is not the law, rather the proper test is directed to the identity of the offense and has been called the 'same evidence' test." *Id.* (citations omitted). The *Duchac* court concluded that "the mere fact that both offenses grew out of a single criminal episode does not make them a single offense in this particular case" because "none of the evidence required to prove carrying burglarious instruments is necessary to prove commission of third degree burglary." *Id.* at 240.

The *Johnson* court, noting that prior opinions had not defined "single criminal episode," adopted the definition of "single criminal episode" approved in 1978 by the American Bar Association Standards for Criminal Justice:

> "Single criminal episode" offenses normally are generated by separate physical actions. The actions may be committed by separate defendants. In other respects, however, they are similar to same conduct offenses: they occur simultaneously or in close sequence, and they occur in the same place or in closely situated places. A critical characteristic of single episode offenses, particularly in cases involving otherwise unrelated offenses or offenders, is the fact that proof of one offense necessarily involves proof of the others.

*Johnson*, 342 S.W.3d at 474-75 (quoting 2 ABA Standards for Criminal Justice § 13–1.2 cmt., at 13.10) (emphasis added) (footnotes omitted).

In adopting the definition of "single criminal episode" found in the ABA Standards for Criminal Justice, the supreme court noted that the ABA definition "is consistent with our understanding of Tenn. R. Crim. P. 8(a)(1)(A) . . . ." *Id.* at 475. Continuing, the *Johnson* court stated:

> Our review of the decisions handed down by Tennessee's courts since Tenn. R. Crim. P. 8 first became effective in 1978 convinces us that the courts have appropriately recognized that for Tenn. R. Crim. P. 8(a)(1)(A) to apply, the acts to be included in the same criminal episode must occur simultaneously or in close sequence and must occur in the same place or in closely situated places. A break in the action may be sufficient to interrupt the temporal proximity required for a single criminal episode to exist. See 9 Tennessee Criminal Practice and Procedure § 17:17, at 601.
>
> The judicial decisions, however, do not reflect adequate emphasis on the requirement that in order for a single criminal episode to exist, the "proof of one offense necessarily involves proof of the others." 2 ABA Standards for Criminal Justice § 13–1.3 cmt., at 13.10. This means that the proof of one offense must be "inextricably connected" with the proof of the other, *see State v. Shepherd*, 902 S.W.2d 895, 904 (Tenn. 1995), or that the proof of one offense forms a "substantial portion of the proof" of the other offense. *See United States v. Montes–Cardenas*, 746 F.2d 771, 776 (11th Cir. 1984). While the offenses need not be based solely on the same facts, requiring a substantial interrelationship between the

11

evidence required to prove each of several offenses "properly focuses the trial court's inquiry on the degree to which the defendant is harassed and judicial resources wasted by successive prosecutions." *People v. Rogers*, 742 P.2d 912, 919 (Colo. 1987) (en banc).

*Id.* (emphasis added).

The supreme court in *Johnson* created in effect a two-part analysis for determining if offenses arise from the same criminal episode—the first involving the time and place the offenses occurred and the second involving the similarity in the proof that would be required to prove the offenses. *Johnson*, 342 S.W.3d at 474-75.

**(1)     Same criminal episode must occur simultaneously or in close sequence and must occur in the same place or in closely situated places**

As charged in the indictment, the offense of sexual exploitation of a minor occurred, if it occurred at all, at the time the Defendant knowingly possessed the material that included a minor engaged in sexual activity. A.H. claimed that the Defendant showed her sexually explicit images of "girls" on his cellular phone before or during the September 2, 2014. There is no proof in the record that the images shown to A.H. were the same images that led to the indictment of the Defendant for sexual exploitation of a minor. We know from the proof that the cellular phones were seized by BPD officers on September 5, 2014, and we can therefore determine that the two images were loaded onto the Defendant's cellular phone on or before September 5, 2014.

"Unless a defect in an indictment appears on the face of the indictment, the initial burden of proof is on the defendant to establish the grounds of the motion to dismiss." *State v. Bonds*, 502 S.W.3d 118, 149 (Tenn. Crim. App. 2016) (quoting **W. Mark Ward**, *Tennessee Criminal Trial Practice* § 14:5 (2014-2015 ed.)). The Defendant presented no evidence, other than the exhibit establishing the date the cellular phones were seized by BPD officers, to prove the date on which the images were loaded onto his cellular phone and thereby came into the possession of the Defendant. Therefore, the Defendant failed to show that the offenses in Case No. 2015-CR-8 occurred "in close sequence" with the offenses in Case No. 2016-CR-87 for the purposes mandatory joinder under Rule 8(a). *Johnson,* 342 S.W.3d at 475. Likewise, the Defendant failed to present any evidence to prove that the two offenses occurred "in the same place or in closely situated places." *Id.*

**(2)    Proof of one offense necessarily involves proof of the others**

As previously discussed, to convict the Defendant of sexual exploitation of a minor as charged in the indictment, the State would have to prove that the Defendant knowingly possessed material that included a minor engaged in sexual activity.

The offense of sexual exploitation of a minor has only one element in common with the offenses of especially aggravated kidnapping, aggravated rape, or aggravated assault—a "knowing" mens rea.  The proof that would be required to convict the Defendant of sexual exploitation of a minor is not "inextricably connected [to]," *Shepherd*, 902 S.W.2d at 904, nor does it form a "substantial portion of [,]" *Montes–Cardenas*, 746 F.2d at 776, the proof that would have been required to convict the Defendant of aggravated rape, especially aggravated kidnapping, or aggravated assault.  There is no "overlap" in the evidence necessary to prove the offenses in Case No. 2015-CR-8 and the evidence necessary to prove the offenses in Case No. 2016-CR-87.  *See State v. Brandon Churchman*, No. W2013-00175-CCA-R3-CD, 2014 WL 12651043, at *8 (Tenn. Crim. App. Apr. 28, 2014), *perm. app. denied* (Tenn. Sept. 18, 2014).

The Defendant failed to establish that the offense of sexual exploitation of a minor arose from the same criminal episode as the offenses of especially aggravated kidnapping, aggravated rape, or aggravated assault.  *See State v. Stephen W. Jaco*, No. M2016-00634-CCA-R3-CD, 2017 WL 2645659, at *5 (Tenn. Crim. App. June 20, 2017) (affirming the trial court's denial of the defendant's motion to dismiss based on mandatory joinder where the defendant failed to provide proof that the charges arose from the same criminal episode), *no perm. app. filed*.

### Conclusion

Based on the foregoing analysis, the trial court's judgment is reversed, the indictment is reinstated, and the case is remanded to the trial court for further proceedings consistent with this opinion.

_____
ROBERT L. HOLLOWAY, JR., JUDGE